Dwight D. BOWYER, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 90–1188.

United States Court of Veterans Appeals.

April 28, 1995.

Kenneth M. Carpenter and Kelly C. Brown, Topeka, KS, were on the brief, for appellant.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, Adrienne Koerber, Deputy Asst. Gen. Counsel, and Paul J. Hutter, Washington, DC, were on the brief, for appellee.

Before FARLEY, HOLDAWAY, and IVERS, Judges.

FARLEY, Judge:

This case is before the Court on the appellant's application for an award of attorney fees and expenses totaling $9,736.09 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Court has jurisdiction to award attorney fees pursuant to section 506 of the Federal Courts Administration Act of 1992, Pub.L. No. 102–572, § 506, 106 Stat. 4506, 4513 (1992) (Section 506), which amended 28 U.S.C. § 2412(d)(2)(F) to make EAJA applicable to this Court. For the reasons set forth below, the Court will deny the appellant's application for attorney fees and expenses.

## I. CASE ON THE MERITS

A Board of Veterans' Appeals (BVA or Board) decision dated December 15, 1988, denied the appellant entitlement to a total disability rating based on individual unemployability (TDIU). Record (R.) at 120. By a subsequent rating decision dated April 12, 1989, the regional office (RO) confirmed and continued both the appellant's combined evaluation of 80% for his service-connected disabilities, and the prior denial of a TDIU rating. R. at 163. On April 25, 1989, the appellant submitted a Notice of Disagreement with the RO's decision (R. at 164), and on November 29, 1989, the appellant filed an appeal with the BVA (R. at 174). On June 22, 1990, the BVA again denied the appellant entitlement to a TDIU rating (R. at 4), and on October 22, 1990, the appellant timely filed his appeal to this Court.

On January 3, 1991, the proceedings in this Court were stayed pending the Board's resolution of the appellant's motion for reconsideration. On April 5, 1991, the stay was lifted, and between that time and January 12, 1993, both parties resolved differences over the composition of the record on appeal (filed December 19, 1991), filed briefs (the appellant's brief filed on April 16, 1992, Secretary's motion for remand in lieu of a brief filed on August 13, 1992, and the appellant's opposition to that motion filed on August 25, 1992), and negotiated a joint motion for remand. In the Secretary's August 1992 motion for remand, the Secretary acknowledged that, in its June 1990 decision, the Board: (1) needed to obtain the appellant's Social Security Administration (SSA) records and to consider them; (2) needed to give adequate reasons or bases for its decision; and (3) needed to address the benefit of the doubt doctrine. Secretary's Motion for Remand at 1–2. The appellant objected to the Secre-

tary's motion as presented, stating he feared a lengthy delay at the Board absent a time limit in the remand order. On October 26, 1992, the Court ordered the case stayed pending the results of a prehearing conference. Following that conference, on January 12, 1993, the parties filed a joint motion for remand. The basis of the remand was to afford the Board the opportunity to apply all relevant law concerning its review of SSA records consistent with this Court's decision in *Collier v. Derwinski*, 1 Vet.App. 413 (1991), to provide adequate reasons or bases for its decisions as required by *Gilbert v. Derwinski*, 1 Vet.App. 49 (1990), and to apply the benefit of the doubt doctrine as required by 38 U.S.C. § 5107(b) and 38 C.F.R. § 3.102 (1994). This Court granted the parties' motion on January 19, 1993, and retained jurisdiction for the limited purpose of entertaining an application for attorney fees and expenses. Judgment was entered on July 14, 1993.

The appellant filed his application for attorney fees on August 13, 1993, asserting that: (1) he was a prevailing party; (2) he was eligible for a fee award; (3) the Secretary's position was not substantially justified; and (4) no special circumstances existed which would make an attorney fee award unjust. EAJA Application (App.) at 1–5. The appellant argued that the Secretary's position was not substantially justified because he failed "to address critical evidence that was available to it [the Board] and which, given prior decisions of this Court, it was obligated to address." EAJA App. at 3. Specifically, the appellant asserted that the Board had SSA records before it which showed that the SSA determined that the appellant had been entitled to a period of disability and disability insurance benefits based "upon the finding that the Appellant's physical disabilities prevented him from performing any substantial gainful activity ..." (*Ibid.*), but that the Board had failed to consider this evidence despite this Court's decision in *Collier, supra*. The appellant argued that the Secretary had failed to consider his TDIU claim pursuant to 38 C.F.R. § 4.16(a) (1994), as required by this Court's decision in *Akles v. Derwinski*, 1 Vet.App. 118 (1991), and had failed to assess the appellant's independent medical evidence of record as re-

quired by this Court's decision in *Colvin v. Derwinski*, 1 Vet.App. 171 (1991). EAJA App. at 3–4.

The Secretary filed a response to the appellant's application on September 19, 1994, and stated that he did not contest the appellant's representations concerning his net worth or his status as a prevailing party. Response at 6. However, the Secretary asserted that his position in the case on the merits was substantially justified at both the administrative and litigation stages because the Board had followed the existing law at the time of its decision in this matter, June 22, 1990, which predated all the Court's jurisprudence cited by the appellant, for *Gilbert, supra*, was issued on October 12, 1990, *Colvin, supra*, on March 8, 1991, and *Collier, supra*, on August 9, 1991. Response at 8–15. The Secretary also asserted that the evolving state of VA benefits law and "the fact that many of the cases are and were ones of first impression that involved good faith arguments that were eventually rejected by the Court" were special circumstances which would make an attorney fee award unjust. Response at 15–16.

## II. ANALYSIS

The EAJA provides in relevant part that: (d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party ... fees and other expenses ... incurred by that party ... unless the court finds that the position of the United States was substantially justified....

(2) For the purposes of this subsection—

....

(D) "position of the United States" means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based....

28 U.S.C. § 2412(d)(1)(A), (2)(D).

In *Stillwell v. Brown*, 6 Vet.App. 291, 302 (1994), this Court established the following standard to determine the "substantial justification" issue:

[T]he VA must demonstrate the reasonableness, in law and fact, of the position of

the VA in a matter before the Court, and of the action or failure to act by the VA in a matter before the VA, based upon the totality of the circumstances, including merits, conduct, reasons given, and consistency with judicial precedent and VA policy with respect to such position, and action or failure to act, as reflected in the record on appeal and the filings of the parties before the Court.

The Court also adopted the following "reasonableness" test:

(1) [R]easonableness is determined by the totality of circumstances, and not by any single-factor approach; (2) reasonableness "turns on what support in law and fact the government offered in defending its case, and ... the merits of the agency decision constitute only one factor in evaluating the justification for the government's litigating position in court," *Essex [Electro Engineers, Inc. v. United States,* 757 F.2d 247, 253 (Fed.Cir.1985)] (citation omitted); (3) whether the government "drag[ged] its feet," or "cooperated in speedily resolving the litigation," *id.;* and (4) whether the government "departed from established policy in such a way as to single out a particular private party," *id.* at 254 (citation omitted).

*Ibid.*

### A. Administrative Position

■ To determine whether the Secretary's position was "reasonable" during the administrative proceedings, the Court looks to the relevant, determinative circumstances; here those circumstances are the state of the law concerning the BVA's treatment of the evidence before it. The BVA decision predated all of this Court's opinions relied upon by the appellant to support his assertion that the Secretary's position lacked substantial justification. Therefore the issue becomes whether the BVA's treatment of the evidence in the appellant's case was reasonable under the statutes and regulations existing in 1990. The Secretary argues that prior to the *Collier* decision, "the BVA recognized the significant differences between the relevant Social Security statute and regulation and those pertaining to the VA and did not accept determinations based on the Social Security requirements." Response at 12. This Court

also acknowledged those differences in *Collier,* when it stated:

With respect to what bearing the [decision of the Administrative Law Judge (A.L.J.)] rendered under the Social Security Act is to have on the VA's determination of total and permanent disability, the Court notes that while there are significant differences in the definition of disability under the Social Security and VA systems ... there are also significant similarities ... At a minimum, however, the decision of the A.L.J. in this case is evidence which cannot be ignored and to the extent its conclusions are not accepted, reasons or bases should be given therefor.

1 Vet.App. at 417, The Court did not find this error to be reversible, but merely remanded so that the BVA could resolve the matter consistent with the *Collier* opinion. Given this state of the law at the time of the BVA decision in this case, the Court finds the BVA's actions pertaining to its treatment of the SSA records "reasonable."

The appellant also argued that the Secretary's position lacked substantial justification at the administrative stage because the BVA failed to consider his claim under the provisions of 38 C.F.R. § 4.16(a). EAJA App. at 4. However, the BVA decision specifically cited to this regulation in the CONCLUSION OF LAW section of its decision and addressed the threshold issue of 38 C.F.R. § 4.16(a), i.e., whether the appellant's disability was of sufficient severity as to render him unable to perform substantially gainful employment. *Dwight Bowyer,* BVA 90–00466, at 3–4 (June 22, 1990). Thus the BVA did address the regulation in its opinion, and the Secretary's position at the administrative level did not lack substantial justification on this basis.

■ Finally, the appellant argued that the BVA erred by failing to consider his independent medical evidence of record and in relying upon its own medical judgment in its decision in violation of *Colvin, supra.* EAJA App. at 4. The BVA's use of its own medical judgment provided by the medical member of the panel was common practice prior to the *Colvin* decision. *See Austin v. Brown,* 6 Vet.App. 547, 549 (1994) (In which the Court

noted that on June 24, 1991, the BVA Chairman issued Memorandum No. 01–91–21 addressing the inadequacies of the longstanding BVA use of Board medical adviser opinions). It was not until this Court denounced such a practice that the BVA was required to rely upon independent medical evidence to support its medical conclusion. *See Colvin,* 1 Vet.App. at 175. Given this state of the law and the "totality of the circumstances" prior to *Colvin,* the Court finds that the Secretary's position at the administrative level was substantially justified.

### B. Litigation Position

 The appellant argues that the Secretary's position at the litigation level lacked substantial justification because of the dictates of *Collier, Akles,* and *Colvin,* three cases decided by this Court after the BVA decision, but before the case on appeal was resolved. *See EAJA* App. at 3–4. However, the only litigation position taken by the Secretary before this Court was a request to remand the BVA decision in light of the change in case law brought about by the very same cases cited by the appellant in his application for attorney fees. Unlike the Secretary's litigation position in the case of *Penny v. Brown,* 7 Vet.App. 348 (1995), wherein the Secretary consistently sought an affirmation of the BVA's decision despite a change in the case law on point, here the Secretary acknowledged the change in law and sought a remand. Further, the Secretary's litigation position remained consistent throughout the remand negotiations with the appellant, culminating in the joint motion for remand filed on January 12, 1993. Under the circumstances, the Court concludes that the Secretary's litigation position was reasonable. *See Olney v. Brown,* 7 Vet.App. 160, 162 (1994).

A conclusion that the Secretary's litigation position was "reasonable" does not end our inquiry because, based upon the chronology of this case, there is a question whether the Secretary dragged his feet in resolving this litigation. *See Stillwell,* 6 Vet. App. at 302. From October 22, 1990, when the appellant filed his Notice of Appeal, until August 13, 1992, the Secretary did not present a litigation position; he did not file a legal brief or motion. However, the delay was reasonable, for the Secretary was not idle. During this time, the litigation was stayed from December 10, 1990, until April 5, 1991, pending resolution of the appellant's request to the BVA for reconsideration; and from May 1991 through August 1992, both parties requested extensions of time to negotiate and file the record on appeal, and to prepare and file their individual briefs. Four months after the appellant's brief was filed, the Secretary for the first time took a definitive position, moving for a remand due to the intervening decisions of this Court. The Court concludes that the Secretary did not "drag [his] feet" in the preparation of this case on appeal. *See Stillwell, supra; Olney, supra.*

### III.

Having considered all of the factors set forth in *Stillwell,* 6 Vet.App. at 302, and the entire record of this case, the Court concludes that, under the "totality of the circumstances," the position of the government was substantially justified. *See Olney, supra.* Accordingly, the Court denies the appellant's EAJA application for attorney fees and expenses.