John A. McCAY, Appellant,

v.

Hershel W. GOBER, Acting Secretary of Veterans Affairs, Appellee.

No. 94–881.

United States Court of Veterans Appeals.

Sept. 10, 1997.

Before NEBEKER, Chief Judge, and HOLDAWAY and IVERS, Judges.

---

## ORDER

PER CURIAM.

On June 12, 1996, the Court reversed and remanded a September 27, 1994, decision of the Board of Veterans' Appeals denying the appellant's claim for an earlier effective date for residuals of surgery that removed a dermatofibrosarcoma protuberance, keratitis of the left eye, and the left tear duct. *McCay v. Brown,* 9 Vet.App. 183 (1996). Judgment was entered on July 5, 1996. Before that judgment became final, the appellant filed an application for reimbursement of expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

On August 27, 1996, the Secretary filed a motion to dismiss the application and stay further proceedings on the grounds that the appellant had failed to comply with the jurisdictional requirements under 28 U.S.C. § 2412(d). Before the Court took any action on the application or motion, however, the appellant filed an appeal with the Court of Appeals for the Federal Circuit.

The Federal Circuit affirmed the Court's decision on February 12, 1997. On March 28, 1997, the appellant filed a reply to the Secretary's motion to dismiss and submitted an affidavit stating that his net worth at the time of his EAJA filing was "significantly less" than the statutory two million dollar maximum.

On April 11, 1997, the Court issued an order noting that both the appellant's application, the Secretary's motion, and the appellant's reply had been prematurely filed and would be filed after the Court issued its mandate. On May 14, 1997, the Court's mandate was issued and the application for reimbursement, the Secretary's motion to dismiss, and the appellant's reply were filed.

The Secretary's motion to dismiss is premised upon the appellant's failure to show that his net worth did not exceed two million dollars at the time the appeal was filed. *See* 28 U.S.C. § 2412(d)(2)(b)(i). However, the appellant has timely filed an affidavit stating that his net worth was significantly less than the statutory maximum, albeit subsequent to the Secretary's motion. Because the appellant's application, the Secretary's motion, and

the appellant's reply (including the affidavit) were all filed on May 14, 1997, the Secretary's contention that the appellant failed to comply with all of the statutory requirements under 28 U.S.C. § 2412(d) is without basis in the record.

Although the appellant timely alleged a lack of substantial justification in the Secretary's position and the Secretary, in his brief, failed to argue or prove that the position of the United States was substantially justified (*See* 28 U.S.C. § 2412(d)(1)(A)), the Court must make a finding as to that issue. *See Elcyzyn v. Brown,* 7 Vet.App. 170, 174–75 (1994). In *Stillwell v. Brown,* 6 Vet.App. 291 (1994), this Court reviewed all of the pertinent decisions on the issue of "substantial justification" and established the following standard:

> [T]he VA must demonstrate the reasonableness, in law and fact, of the position of the VA in a matter before the Court, and of the action or failure to act by the VA in a matter before the VA, based upon the totality of the circumstances, including merits, conduct, reasons given, and consistency with judicial precedent and VA policy with respect to such position, and action or failure to act, as reflected in the record on appeal and the filings of the parties before the Court. [Citations omitted.]

*Stillwell,* 6 Vet.App. at 302. The Court has also adopted a test of "reasonableness" which is summarized as follows:

> (1) [R]easonableness is determined by the totality of circumstances, and not by any single-factor approach; (2) reasonableness "turns on what support in law and fact the government offered in defending its case, and ... the merits of the agency decision constitute only one factor in evaluating the justification for the government's litigating position in court," *Essex [Electro Engineers, Inc. v. United States,* 757 F.2d 247, 253 (Fed.Cir.1985) ] (citation omitted); (3) whether the government "drag[ged] its feet," or "cooperated in speedily resolving the litigation," *id.;* and (4) whether the government "departed from established policy in such a way as to single out a

particular private party," *id.* at 254 (citation omitted).

*Ibid.* In the *McCay* opinion issued in June 1996, the Court held that the Board and the Secretary misinterpreted 38 C.F.R. § 3.114(a) as it related to 38 U.S.C. § 5110(g) and, therefore, erred as a matter of law in denying the appellant's claim for retroactive benefits. *McCay,* 9 Vet.App. at 188.

In reviewing the opinion and the legal arguments made by the Secretary in the appeal, the Court does not find that the interpretation of the regulations, or actions of the Secretary were "unreasonable" according to the test established by the Court in *Stillwell.* Consequently, the Court finds that the Secretary's position was substantially justified and must dismiss the appellant's application for EAJA fees. *See* 28 U.S.C. § 2412(d)(1)(A).

Accordingly, it is

ORDERED that the Secretary's motion to dismiss the EAJA application for failure to comply with jurisdictional requirements is DENIED. It is further

ORDERED that the appellant's application for EAJA fees is DENIED.