Alfred E. PIERRE, Appellant,

v.

Togo D. WEST, Secretary of Veterans Affairs, Appellee.

No. 96–228.

United States Court of Veterans Appeals.

Dec. 23, 1998.

Morgan G. Adams and Robert V. Chisholm were on the pleadings for the appellant.

Leigh A. Bradley, General Counsel; Ron Garvin, Assistant General Counsel; Michael A. Leonard, Deputy Assistant General Counsel; and Edward V. Cassidy, Jr. were on the pleadings for the appellee.

Before NEBEKER, Chief Judge, and FARLEY and GREENE, Judges.

NEBEKER, Chief Judge:

Before the Court is the application of the appellant, Alfred E. Pierre, for an award of reasonable attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The Secretary opposes the application on the sole ground that his position was substantially justified. The Court will deny the appellant's application for the following reasons.

## I. FACTS

The chronology of the events leading up to the submission of the EAJA application is significant to the appellant's argument in this matter. On January 18, 1996, the Board of Veterans' Appeals (BVA or Board) denied Mr. Pierre an increased rating for his service-connected sinusitis, then rated at 30% disabling. The appellant filed a Notice of Appeal on March 15, 1996. At the request of the appellant, the case was stayed pending screening by the Veterans Consortium Pro Bono Program for possible reference to volunteer counsel, and on September 26, 1996, the Court granted the motion of Attorney Morgan G. Adams to appear on behalf of Mr. Pierre. Subsequently, the Court granted two unopposed motions filed by the appellant for extensions of time to counter-designate the record. The appellant filed his counter-designation of the record on November 25, 1996, and following two unopposed motions for extensions of time, the Secretary transmitted the record on appeal.

On March 4, 1997, in accordance with Rule 33 of the Court's Rules of Practice and Procedure (Court's Rules), a telephonic briefing conference conducted by the Court's Central Legal Staff (CLS) was held between the Secretary's counsel and Mr. Adams. Following the conference, the appellant was notified by Court order that his brief was due no later than May 5, 1997.

Between April 25, 1997, and October 31, 1997, the appellant filed seven unopposed motions for extensions of time in which to submit his brief. The reasons for the requests, as stated in the motions, ranged from demands on Mr. Adams due to his own active and reserve military duty, an office move and change in personnel, and preparation of sensitive depositions in other cases, to no reasons at all. Upon granting the final extension, the Court noted that no further extensions would be granted absent extraordinary circumstances. The appellant's brief was filed with the Court on November 7, 1997.

From December 1997 to February 1998, following a re-assignment of appellate counsel, the Secretary filed and the Court granted two out-of-time, and one timely, unopposed motions for extension of time to respond to the appellant's brief. The reasons for the delay proffered by the Secretary were an error in calendaring the deadline, conflicting filing deadlines in other cases pending before the Court, and unanticipated time constraints as a result of extensive grand jury service on the part of appellate counsel. On March 18, 1998, the Secretary filed a motion for remand, noting that 38 C.F.R. § 4.97 (1998), the regulation concerning the schedule for rating disabilities dealing with the respiratory system and diseases of the nose and throat, including the rating criteria for sinusitis (diagnostic code 6514), had been revised, effective October 7, 1996. Accordingly, the Secretary argued that the claim should be remanded to

permit the veteran to have his claim adjudicated under whichever version of the regulatory provision is most favorable to him.

The appellant filed a response to the Secretary's motion, consenting to the remand in part and opposing in part. The appellant agreed that remand was appropriate with respect to the benefits sought by the veteran from the effective date of the regulation change to the present. The appellant argued, however, that since the regulation was not to be applied retroactively, and because the BVA had already determined that the appellant was not entitled to an increase under the old regulation, the Court should decide the issue of benefits entitlement from August 1992 through the effective date of the regulation change, October 7, 1996. The appellant further stated that should the Court remand both matters, specific instructions should be given to the BVA, directing that it consider and answer certain questions.

On June 2, 1998, the Court granted the Secretary's motion and remanded the matter under *Karnas v. Derwinski*, 1 Vet.App. 308 (1991). The Court declined to include the appellant's requested instructions to the Board, noting that these arguments had never been presented to or addressed by the BVA, and that the Board, not the Court, must consider these matters in the first instance. The appellant was advised that on remand he is free to raise additional arguments to the Board, including those raised in his partial opposition.

On August 27, 1998, the appellant filed his application for attorney fees and expenses in the amount of $10,680.59. In his application, the appellant maintains that he is a prevailing party, that he is eligible to receive an award because his net worth does not exceed two million dollars, and that the Secretary's position was not substantially justified. Application at 2–3; *see also* 28 U.S.C. § 2412 (requirements for recovery under EAJA).

In response, the Secretary contends that his position was substantially justified, and that the appellant's EAJA application should therefore be denied. Response (Resp.) at 3–6. The Secretary does not dispute that the appellant is an "eligible party" for an EAJA award, conceding that the appellant is a pre-

vailing party, that there are no special circumstances that make an award unjust, and that the fee application was timely filed. *Id.* at 4. However, the Secretary "contends that the government's position was substantially justified, based on the intervening change in the regulations between the time of the BVA decision, and the culmination of the litigation." *Id.* The Secretary argues that because the BVA decision preceded the regulation amendment by several months, the Secretary's administrative position was not unreasonable. The Secretary further asserts that his position taken during the litigation stage was likewise substantially justified, because the only stance taken by the Secretary before the Court was to request a remand based on the regulation amendment.

In reply, the appellant, by his newly retained co-counsel, Attorney Robert V. Chisholm, argues only that the Secretary's position was not substantially justified at the litigation stage of the proceedings because of the undue delay in moving for remand. The appellant insists that the Secretary unreasonably "dragged his feet by failing to notify counsel for the Appellant and this Court for seventeen months of the change in the rating schedule." Reply at 3. The appellant contends that the Secretary further engaged in "unreasonable conduct" by failing to advise the appellant's counsel and CLS of the regulation change during the March 1997 telephone conference, with the consequence that the appellant was then "forced to file a brief even though more than one year had passed since the effective date of the new regulation." *Id.* at 5–6. The appellant cites, inter alia, *Camphor v. Brown*, 8 Vet.App. 272 (1995), to support his contention that the Secretary had an obligation to inform the Court of a change in applicable law during the pendency of this appeal, and in delaying for several months, "failed to cooperate in a timely resolution of this case." Reply at 6. Arguing that the different arms of VA at times fail to communicate with each other, and citing *Stegall v. West*, 11 Vet.App. 268, 271 (1998), for the Court's holding that the Secretary is responsible for the "administration of all laws administered by the department and for the control, direction, and man-

agement of" VA, the appellant urges the Court to impose an obligation upon the Secretary to notify both the Court and veterans' counsel of law changes in a timely manner. In further support of his argument, the appellant also cites the Model Rules of Professional Conduct for Federal Lawyers (1990) and the ABA Model Rules of Professional Conduct (1994) (ABA Model Rules), Rule 3.3, which instructs on candor of an attorney toward the tribunal.

In his surreply, the Secretary distinguishes the cases relied on by the appellant, arguing that those cases and Rule 28(g) of the Court's Rules dictate only that parties have an obligation to notify the Court of pertinent supplemental authority once their brief has been filed. The Secretary contends that the appellant's suggestion that he must notify the appellant and the Court of regulation changes, which are published in the Federal Register, is not supported in the cases relied on by the appellant. The Secretary maintains his stance that because the only representation he made to the Court was to request remand, and because this request was made only four months after the appellant submitted his brief, his litigation position was not unreasonable.

## II. ANALYSIS

■ The EAJA, as relevant here, provides:

[A] court shall award to a prevailing party other than the Unites States fees and other expenses incurred by that party in any civil action, ... including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see also Commissioner, INS v. Jean,* 496 U.S. 154, 158–60, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990) (holding that for fee agreements, a court shall make a one-time determination as to whether the government's position was substantially justified). The "position of the United States" includes both the position taken in the civil action, as well as the action or failure to act by the agency upon which the civil action is based. 28 U.S.C. § 2412(d)(2)(D); *Olney v. Brown,* 7 Vet.App. 160, 162 (1994). The EAJA became applicable to this Court pursuant to section 506 of the Federal Courts Administration Act of 1992, Pub.L. No. 102–572, § 506, 106 Stat. 4506, 4513 (1992) (Section 506), which amended 28 U.S.C. § 2412(d)(2)(F). *See also Stillwell v. Brown,* 6 Vet.App. 291, 294 (1994); *Bowyer v. Brown,* 7 Vet.App. 549, 550 (1995).

■ Where an appellant alleges that the position of the Secretary was not substantially justified, it then becomes the burden of the Secretary to show that his position was substantially justified, in order to avoid paying the EAJA fees. *See Locher v. Brown,* 9 Vet.App. 535, 537 (1996). The Court in *Stillwell* provided a test for substantial justification, whereby the government's position is substantially justified if VA can demonstrate the reasonableness of its position, both at the litigation stage as well as the administrative stage, based on the totality of the circumstances, "including merits, conduct, reasons given, and consistency with judicial precedent and VA policy with respect to such position, and action or failure to act, as reflected in the record on appeal and the filings of the parties before the Court." 6 Vet.App. at 302. In *Stillwell* the Court also defined the "reasonableness" test:

(1) [R]easonableness is determined by the totality of the circumstances, and not by any single-factor approach; (2) reasonableness "turns on what support in law and fact the government offered in defending its case, and ... the merits of the agency decision constitute only one factor in evaluating the justification for the government's litigating position in court," [*Essex Electro Engineers, Inc. v. United States,* 757 F.2d 247, 253 (Fed.Cir.1985)] (citation omitted); (3) whether the government "drag[ged] its feet," or "cooperated in speedily resolving the litigation," *id.;* and (4) whether the government "departed from established policy in such a way as to single out a particular

private party," *id.* at 254 (citation omitted).

*Stillwell,* 6 Vet.App. at 302.

■ The issue in this case is the reasonableness of the Secretary's position during the litigation stage of this matter. The Court looks to the circumstances surrounding the resolution of the dispute to determine whether the Secretary's litigation stance was substantially justified. *Dillon v. Brown,* 8 Vet.App. 165, 168 (1995); *Bowyer,* 7 Vet.App. at 553; *Carpenito v. Brown,* 7 Vet.App. 534, 537 (1995). The only litigation position taken by the Secretary before the Court was that expressed in the motion to remand the matter to the Board. This position was certainly reasonable given the regulation amendment.

The appellant's arguments that the Secretary had a duty to notify the Court and the veteran of changes in the regulations or law prior to filing his initial motion or brief are unfounded, and the cases relied upon by the appellant to support his argument are inapplicable to the present matter. In *Curtis v. Brown,* 8 Vet.App. 104 (1995), the Court held that the Secretary was not substantially justified when he filed a motion for summary affirmance which failed to acknowledge relevant case law decided after the BVA decision but prior to the submission of the Secretary's brief. We held there that the Secretary's motion was not in accordance with law, citing the "duty to inform the Court of the facts and the law applicable in each appeal before it." 8 Vet.App. at 107. *See also Penny v. Brown,* 7 Vet.App. 348, 351 (1995) (holding counsel has obligation to correctly advise Court of applicable facts and law in each appeal). In a different factual situation, in *Camphor,* 8 Vet.App. 272, case law supporting the appellant's position was decided after the briefs were filed, but prior to the Court's ruling. In holding that the Secretary's litigation position was not substantially justified, the Court found that the Secretary had a duty to notify the Court of relative changes in the law prior to the Court's issuance of its decision, regardless of the fact that at the time it was filed, the Secretary's legal analysis may have been sound. 8 Vet.App. at 276. *See also Penny, supra* (awarding EAJA fees to appellant when Secretary "failed to take

any corrective action" after submitting brief silent on change in case law which occurred two months earlier); *Uttieri v. Brown,* 7 Vet.App. 415 (1995) (finding Secretary's position unreasonable when he failed to cite, in either motion for summary affirmance, or as supplemental authority, relevant recent case law clearly establishing a presumption not applied by BVA).

Further, while Court Rule 28(g), "Citation of Supplemental Authorities," does require a party to advise the Court of significant authorities, as the name of the rule suggests and as the rule itself makes clear, this applies only to "supplemental" authorities, which have "come to the attention of a party after the party's brief has been filed." In notifying the Court of the regulation change in his motion for remand, the Secretary did nothing to contravene this rule. *See Helfer v. West,* 11 Vet.App. 178, 180 (1998). The Court notes that the obligations imposed by this rule apply not only to the Secretary's appellate counsel, but to the appellant's counsel as well. While the Court would certainly encourage swift action by all parties in moving to remand appropriate cases, both for the sake of the veterans as well as in the interest of reducing the Court's caseload, under the facts here presented, the Court does not find fault with the Secretary's timing of his notification of the regulation change and motion for remand.

The appellant also raises the question of whether the Secretary dragged his feet in resolving this litigation. The Court finds the appellant's characterization of the Secretary's delay as 17 months, namely from the date of the regulation amendment until the time the motion for remand was filed, unpersuasive. The filing of the notice of appeal in this case was followed by an eight month delay, partially caused by extensions of time to counter-designate the record once counsel had been obtained. Once the appellant's counter-designation was filed in November 1996, the Secretary sought two extensions prior to transmitting the record. The appellant then requested seven extensions of time prior to filing his initial brief in November 1997. Four months later, in March 1998, the Secretary sought remand. This sequence of

events is not unreasonable. *See Bowyer*, 7 Vet.App. at 551 (finding an absence of foot dragging when request for remand based on new case law was the only litigation position taken by the Secretary and when law change occurred one year prior to filing of remand motion); *see also Olney*, 7 Vet.App. 160. As was the case in *Bowyer*, "[T]he delay was reasonable, for the Secretary was not idle." 7 Vet.App. at 553.

The appellant's reference to Model Rules of Professional Conduct is likewise unsupportive. ABA Model Rule 3.3(a)(3),"Candor Toward the Tribunal," instructs that a lawyer shall not knowingly fail to disclose adverse, relevant, legal authority to the tribunal. In this case, no violation of this rule is demonstrated; the Secretary *did* inform the Court that a remand was necessary because of the regulation amendment. The Court refuses to adopt the appellant's suggested policy and impose a duty on the Secretary to inform the Court and the veteran, prior to filing any pleading with the Court, of changes in regulations which are readily available in the Federal Register. As an aside, the Court notes that ABA Model Rule 1.1, "Competence," instructs that a lawyer provide competent representation to a client, consisting of the reasonably necessary legal knowledge, skill, thoroughness, and preparation for the case; and Comments 1 and 2 to ABA Model Rule 1.1, suggest that competent representation may necessitate consultation or association with a lawyer of established competence in the field. In any event, we find no violation of ABA Model Rule 3.3(a)(3) by the Secretary under the facts before us.

## III. CONCLUSION

Having considered all of the factors established in *Stillwell, supra*, and based on the entire record in this case, the Court finds that under the "totality of the circumstances," the Secretary's position was reasonable, and therefore substantially justified. Accordingly, the appellant's application for attorney fees and expenses is DENIED.