BRYSON, Circuit Judge.
 

 Appellant Shannon D. Smith, a Navy veteran, appeals from a decision of the Court of Appeals for Veterans Claims (“the Veterans Court”), denying his application for an award of attorney fees and expenses under the Equal Access to Justice Act (“EAJA”), 28 U.S.C. § 2412(d). The Veterans Court found that Mr. Smith was a prevailing party in that court by virtue of obtaining a remand to the Board of Veterans’ Appeals (“BVA”), but the court ruled against him on his claim for fees because it determined that the posi
 
 *1359
 
 tion of the Secretary of Veterans Affairs, acting through the BVA, was substantially justified. Mr. Smith contends that the Veterans Court applied the wrong legal standard in ruling that the BVA’s position was substantially justified. We hold that the court did not apply an incorrect standard, and we therefore affirm.
 

 I
 

 In December 1994, Mr. Smith submitted a claim of service connection for a psychiatric disorder. A regional office of the Department of Veterans Affairs (“DVA”) denied his claim. He did not appeal that denial to the BVA. In 1997, Mr. Smith filed what the agency treated as a request to reopen his claim. The regional office granted him service connection for a schi-zoaffective disorder, effective as of the date of his filing, July 15,1997.
 

 Mr. Smith appealed that decision to the BVA, seeking an earlier effective date. He contended that he had filed a claim for benefits in 1991 and that his 1994 claim should be regarded as still pending because he never received effective notice of its denial. Finding no record of any claim on Mr. Smith’s behalf in 1991, the BVA rejected Mr. Smith’s argument that he filed a claim in that year. The BVA also rejected his contention that he was not validly notified of the denial of his 1994 claim in light of the evidence that notice of the denial was sent to his address of record and in light of the absence of medical evidence that he was incompetent at that time. Accordingly, the BVA held that the regional office was correct to make his disability rating effective as of the date of his July 1997 request to reopen his claim.
 

 In the final paragraph of its opinion, the BVA noted that in November 2000, three months before the BVA’s decision, Congress enacted the Veterans Claims Adjustment Act of 2000 (“VCAA”), Pub.L. No. 106-475, 114 Stat.2096, which modified the procedures applicable to veterans’ claims in several respects. The BVA acknowledged that the regional office had not had an opportunity to review Mr. Smith’s claims in light of the new legislation. The BVA concluded, however, that because all the pertinent records were on file and because Mr. Smith had been fully apprised of the legal requirements for establishing entitlement to an earlier effective date for his claim, he was not prejudiced by the fact that the regional office had not considered the effect of the VCAA at the time it acted on his claim. Mr. Smith appealed the BVA’s decision to the Veterans Court.
 

 Three months after the BVA’s ruling in Mr. Smith’s case, the Veterans Court issued its decision in
 
 Holliday v. Principi
 
 14 Vet.App. 280 (2001), in which it held that all provisions of the VCAA were applicable to pending claims.
 
 Id.
 
 at 286. Thereafter, Mr. Smith and the Secretary of Veterans Affairs filed a joint motion for a remand to the BVA for readjudication. The motion gave two reasons for requesting a remand: First, the motion stated that a remand was required because in
 
 Holliday
 
 the court had rejected the Secretary’s argument that a remand to the BVA was unnecessary in a ease in which the Secretary asserted that all possible relevant evidence had been obtained or the failure to obtain it had been fully accounted for. Second, the motion stated that the BVA’s discussion of the VCAA was not thorough enough to indicate with certainty that the requirements of the VCAA had been satisfied, specifically with respect to notice and the Secretary’s duty to assist. The Veterans Court subsequently issued an order granting the joint motion, vacat
 
 *1360
 
 ing the BVA’s decision, and remanding the case to the BVA.
 

 On July 2, 2001, Mr. Smith filed an application under EAJA seeking an award of fees and expenses totaling $1,764.95 for his attorney’s work in the Veterans Court. He contended that the Secretary’s position at the administrative level was not substantially justified because (1) the BVA should have remanded the case to the regional office in light of the new statute’s provisions “concerning the assistance to be afforded claimants of veterans benefits and the decision of their claims,” and (2) because the BVA’s discussion of the VCAA was “not thorough enough to indicate with certainty that the provisions of the VCAA have’ been met, specifically with respect to notice and the Secretary’s duty to assist ... and did not provide an adequate statement of reasons or bases as to whether all of the provisions of the VCAA have been met considering the facts of this case.” The Secretary opposed Mr. Smith’s motion on the grounds that (1) Mr. Smith was not a prevailing party and (2) the BVA’s position was substantially justified because its actions with respect to the VCAA were reasonable in light of the uncertain state of the law at the time.
 

 The Veterans Court denied Mr. Smith’s EAJA application. The court held that Mr. Smith was a prevailing party because the Secretary had confessed error in the joint motion for a remand. However, the court concluded that the BVA’s position was substantially justified and that, Mr. Smith was therefore ineligible for a fee award. The court explained that “in demonstrating that its position was substantially justified, VA must establish the reasonableness of its position, which is based upon the totality of the circumstances.” If the agency’s actions were reasonable, the court explained, “then the actions were substantially justified.” In determining whether the Secretary had carried his burden of proof of demonstrating that his position at the administrative stage was reasonable, the court stated that it would look to the “relevant, determinative circumstances.” •
 

 Evaluating the reasonableness of the BVA’s decision in light of the state of the law at the time, the Veterans Court explained that at the time of the BVA’s action the court had not yét addressed the full scope and effect of the VCAA and that even an opinion issued by the DVA General Counsel’s office shortly after the enactment of the VCAA did not fully resolve the question of the scope of the Act. The court noted that, although the Secretary agreed to the joint remand in light of
 
 Holliday,
 
 the BVA, which had acted prior to the decision in
 
 Holliday,
 
 could not have predicted that the Veterans Court would apply the VCAA in the manner it did.
 
 [1]
 
 Accordingly, the Veterans Court concluded that the BVA’s position with respect to the VCAA was substantially justified. One judge dissented in part from the court’s decision, stating that he believed that the Secretary’s position was not substantially justified because the BVA had failed to provide an adequate statement of reasons or bases for its decision.
 

 Mr. Smith filed a motion for reconsideration or, in the alternative, full court review, arguing that on the issue of substantial justification the Veterans Court had improperly considered only the “relevant, determinative circumstances” rather than the “totality of the circumstances.” Mr.
 
 *1361
 
 Smith contended that, under that incorrect standard, the Veterans Court had failed to consider the full record as required by the EAJA statute. Specifically, Mr. Smith asserted that the Veterans Court did not take into account (1) two opinions of the DVA General Counsel concluding that particular sections of the VCAA apply to pending claims, and (2) four Fast Letters issued by the Secretary immediately after the enactment of the VCAA addressing the same issue. The Veterans Court denied Mr. Smith’s motions, although one judge dissented on the issue of substantial justification. Mr. Smith timely filed a notice of appeal with this court.
 

 II
 

 Before discussing the merits of Mr. Smith’s appeal, we must address the Secretary’s argument that we lack jurisdiction over this appeal. The Secretary contends that the question whether the agency’s position was substantially justified is a “quintessentially discretionary ruling [that] necessarily involves questions of fact and application of law to fact.”
 
 Carpenter v. Gober,
 
 228 F.3d 1379, 1381 (Fed.Cir.2000) (internal quotation marks omitted). Because Mr. Smith is challenging the finding of substantial justification, the government argues that the appeal lies outside the bounds of this court’s jurisdiction. It is true that one of Mr. Smith’s primary contentions is that the Veterans Court improperly relitigated the merits of his case to conclude that the Secretary’s position was substantially justified. That argument appears to dispute either the Veterans Court’s fact findings or its application of law to fact, and therefore cannot be considered in this appeal.
 
 See
 
 38 U.S.C. § 7292(d)(2);
 
 Stillwell v. Brown,
 
 46 F.3d 1111, 1113 (Fed.Cir.1995). However, Mr. Smith also disputes whether the court applied the proper legal standard in adjudicating his claim for EAJA fees, i.e., whether substantial justification involves a consideration of the “relevant, determinative circumstances” or the “totality of the circumstances.” That issue is a question of law within our jurisdiction.
 
 See
 
 38 U.S.C. § 7292(c);
 
 Stevens v. Principi,
 
 289 F.3d 814, 817 (Fed.Cir.2002);
 
 Bowey v. West,
 
 218 F.3d 1373, 1376 (Fed. Cir.2000) (holding that this court has jurisdiction over a challenge to an interpretation of EAJA by the Veterans Court). Because we have jurisdiction to entertain the purely legal aspects of Mr. Smith’s appeal, we address his argument that the Veterans Court used the wrong standard in making its determination as to substantial justification.
 

 Ill
 

 On the merits of the substantial justification issue, Mr. Smith contends that the test applied by the Veterans Court to determine whether the agency’s position was substantially justified differs significantly from the test dictated by this court. In particular, Mr. Smith argues that the Veterans Court has held that the court’s task is to determine whether the agency’s position was substantially justified based on the “relevant, determinative circumstances,” while this court has required that determination to be made on the basis of the “totality of the circumstances.”
 
 See, e.g., Essex Electro Eng’rs, Inc. v. United States,
 
 757 F.2d 247, 253 (Fed.Cir.1985);
 
 Bailey v. United States,
 
 721 F.2d 357, 360 (Fed.Cir.1983). Mr. Smith contends that, although the Veterans Court acknowledged the applicability of the “totality of the circumstances” standard for reviewing the substantial justification aspect of
 
 *1362
 
 EAJA fee claims, the court also stated that it would consider only those circumstances that were “relevant and determinative.” That standard is too narrow, Mr. Smith argues, because it forecloses review of the entire record, as EAJA requires.
 
 See
 
 28 U.S.C. § 2412(d)(1)(B) '(substantial justification must be “determined on the basis of ... the record with respect to the action or failure to act by the agency upon which the civil action is based”).
 

 We reject Mr. Smith’s challenge to the standard applied by the Veterans Court in determining whether the Secretary’s position was substantially justified. Citing this court’s decision in
 
 Essex Electro Engineers, Inc. v. United States,
 
 which first set forth the totality of the circumstances test,
 
 see
 
 757 F.2d at 253, the Veterans Court has repeatedly and consistently applied that test in addressing claims of substantial justification.
 
 See, e.g., Hensley v. Principi,
 
 16 Vet.App. 491, 495 (2002);
 
 Cycholl v. Principi,
 
 15 Vet.App. 355, 359-60 (2001);
 
 Bac-A v. West,
 
 13 Vet.App. 308, 310 (2000);
 
 Jackson v. West,
 
 12 Vet.App. 422, 426 (1999);
 
 Pierre v. West,
 
 12 Vet.App. 92, 95 (1998);
 
 McCay v. Gober,
 
 10 Vet.App. 429, 430 (1997);
 
 Graves v. Brown,
 
 9 Vet.App. 172, 173 (1996);
 
 Curtis v. Brown, 8
 
 Vet.App. 104, 106 (1995);
 
 Stillwell v. Brown,
 
 6 Vet.App. 291, 302-04 (1994).
 

 In addition to reciting the “totality of the circumstances” test, the Veterans Court has on several occasions — including in this case — referred to the “relevant, determinative circumstances” test. In particular, the court has explained that in assessing the reasonableness of the agency’s litigation position the court looks to “the circumstances surrounding the resolution of the dispute,” and in determining the reasonableness of the Secretary’s position during the administrative proceedings the court looks to “the relevant, determinative circumstances.”
 
 Carpenito v. Brown,
 
 7 Vet.App. 534, 536-37 (1995);
 
 see also West v. West,
 
 13 Vet.App. 25 (1999);
 
 Stephens v. West,
 
 12 Vet.App. 115, 118 (1999);
 
 Dillon v. Brown,
 
 8 Vet.App. 165, 167-68 (1995);
 
 Bowyer v. Brown,
 
 7 Vet.App. 549, 552 (1995). In those cases, the court has distinguished between the factors to be considered in assessing the reasonableness of the government’s conduct at the administrative and litigation stages, apparently in order to make clear that unreasonableness at either stage can lead to an EAJA award and that the circumstances surrounding each of the two stages of the proceedings must' be separately evaluated. In addition, the court has referred to the “relevant, determinative circumstances” test in cases in which the claimant prevailed on one issue but sought to rebut the agency’s showing of substantial justification by arguing the unreasonableness of the agency’s position on issues on which the Secretary did not concede error and the claimant did not prevail.
 
 See Jacobsen v. West,
 
 12 Vet.App. 546, 547-48 (1999);
 
 Jackson,
 
 12 Vet.App. at 427;
 
 Stephens,
 
 12 Vet.App. at 118-19;
 
 Dillon,
 
 8 Vet.App. at 167-68;
 
 Bowyer,
 
 7 Vet.App. at 552.
 

 Although there has been some disagreement among the judges of the Veterans Court as to whether the court should stop reciting the “relevant, determinative circumstances” test in favor of referring exclusively to the “totality of the circumstances,”
 
 compare Cullens v. Gober,
 
 14 Vet.App. 234, 244-48 (2001) (Farley, J., concurring),
 
 with id.
 
 at 248-50 (Kramer, C.J., concurring), we do not discern a difference between the two standards that is likely to produce a difference in outcome. In conducting a “totality of the circumstances” inquiry, a
 
 *1363
 
 fact-finder will naturally and properly focus on those circumstances that are “relevant,” and in particular on any circumstances that may be “determinative.” The fact that the Veterans Court routinely recites both standards further supports our conclusion that the two standards are simply different ways of articulating the same test.
 
 See, e.g., Bowyer,
 
 7 Vet.App. at 552-53 (referring to both the “relevant determinative circumstances” test and the “totality of the circumstances” test in evaluating the reasonableness of the Secretary’s position at the administrative stage);
 
 Carpenito,
 
 7 Vet.App. at 536-37 (same). Thus, whether the test for substantial justification at the administrative stage is expressed as requiring a court to examine the “totality of the circumstances” or the “relevant, determinative circumstances,” the court’s inquiry must focus on the circumstances pertinent to the position taken by the government on the issue on which the claimant prevailed, such as the state of the law at the time the position was taken.
 

 Nothing about this case indicates that the invocation of the “relevant, determinative circumstances” test affected the Veterans Court’s inquiry into substantial justification. The court properly confined its substantial justification inquiry to the issues as to which the court held that Mr. Smith was a prevailing party, i.e., the issues on which the court granted the joint motion for a remand. Moreover, contrary to Mr. Smith’s contention, the court’s legal standard did not lead it to ignore factors such as the contemporaneous views of the DVA General Counsel. In particular, the court discussed the position taken by the General Counsel in an opinion issued shortly after the enactment of the VCAA and found that it did not resolve the ambiguity concerning the scope of the Act. Although the court did not expressly address the other General Counsel opinion or the Secretary’s Fast Letters issued after the enactment of the VCAA, nothing in the court’s opinion suggests that it regarded those factors as irrelevant under the “relevant, determinative circumstances” test. In concluding that the Secretary’s position was substantially justified at the administrative stage, the court concluded that, in light of the state of the law at the time the Board acted, it was reasonable for the Board to rule as it did. That conclusion does not appear in any way to have turned on the application of the “relevant, determinative circumstances” test as opposed to the “totality of the circumstances” test. We regard the “relevant, determinative circumstances” test, as applied by the Veterans Court, to require examination of the reasonableness of the agency’s action at the administrative stage with respect to the issue on which the claimant prevailed, and not to depart from the “totality of the circumstances” test that this court has adopted. We therefore reject Mr. Smith’s argument that the Veterans Court employed an improper legal standard in reaching its conclusion that the agency’s position was substantially justified.
 

 Because our jurisdiction extends only to that legal question and not to the question whether the Veterans Court was correct in determining that the BVA’s position was substantially justified, we uphold the court’s decision with respect to the former issue, and we do not address the latter question. We also need not address the government’s alternative argument in support of affirmance, that the remand order did not grant Mr. Smith the kind of relief necessary to make him a “prevailing party” within the meaning of EAJA.
 

 AFFIRMED.
 

 [1]
 

 . The Veterans Court's decision in
 
 Holliday
 
 has since been overruled by this court.
 
 Kuzma v. Principi,
 
 No. 03-7032, 341 F.3d 1327 (Fed.Cir. Aug. 25, 2003).