# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 03-1452(E)

HELEN COLEMAN, APPELLANT,

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appellant's Application for Attorney Fees and Expenses

(Decided    July 24, 2007    )

*John F. Cameron*, of Montgomery, Alabama, for the appellant.

*Paul J. Hutter*, Acting General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *David L. Quinn*, Deputy Assistant General Counsel, all of Washington, D.C., for the appellee.

Before HAGEL, MOORMAN, and DAVIS, *Judges*.

DAVIS, *Judge*: This case is before the Court on the appellant's November 9, 2006, application filed through counsel for reasonable fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). In his response to the appellant's EAJA application, the Secretary challenges the appellant's contention that his administrative and litigation positions were not substantially justified. Panel consideration is required to determine whether the Secretary was substantially justified, prior to the issuance of *Mayfield v. Nicholson*, 444 F.3d 1328 (Fed. Cir. 2006) [hereinafter *Mayfield II*], in his position that predecisional notification was unnecessary in order to satisfy notice requirements of the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096. For the reasons set forth below, the Court will answer in the affirmative and deny the application.

## I. BACKGROUND

Ms. Coleman appealed from an April 28, 2003, Board decision denying her entitlement to recognition as the veteran's surviving spouse for death benefit purposes. After briefing, but while this case was still in chambers, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) issued its decision in *Mayfield II*. Neither party filed a citation of supplemental authority pursuant to Rule 30(b) of the Court's Rules of Practice and Procedure (Rules) citing *Mayfield II*.

In June 2006, this Court issued a single-judge decision affirming the Board decision. That decision failed to address Ms. Coleman's single-sentence argument contending that an April 2002 VCAA-notice letter was not mailed to her prior to a November 2001 VA regional office decision. On August 16, 2006, following reconsideration wherein Ms. Coleman argued that the Board's decision was contrary to *Mayfield II*, this Court set aside the Board decision, finding that the Board impermissibly relied on postdecisional documents in its determination that VA complied with the VCAA.

On November 9, 2006, Ms. Coleman filed a timely EAJA application requesting fees in the amount of $12,577.43 and expenses in the amount of $141.10. In it, she argues that she should be awarded EAJA fees because she is a prevailing party. She further contends that, because VA failed to provide timely VCAA notice, the Secretary's position was not substantially justified. Ms. Coleman notes specifically that the Secretary failed to move the Court to remand the appeal after issuance of *Mayfield II* and after she filed a motion for reconsideration in this matter.

In response, the Secretary argues that a fee award is unwarranted because the Secretary's position was substantially justified at both the administrative and litigation stages of the proceedings. He maintains that, during both stages, it was common practice, even for this Court, to rely on postdecisional documents to satisfy notice obligations. The Secretary states that only during the pendency of the appeal did the Federal Circuit hold such reliance impermissible.

## II. ANALYSIS

### A. Eligibility

This Court has jurisdiction to award reasonable fees and expenses pursuant to 28 U.S.C. § 2412(d)(2)(B). EAJA fees may be awarded where the application was filed within the 30-day EAJA application period set forth in 28 U.S.C. § 2412(d)(1)(B) and contains (1) a showing that the appellant is a prevailing party; (2) a showing that the appellant is a party eligible for an award because his net worth does not exceed $2,000,000; (3) an allegation that the Secretary's position was not substantially justified; and (4) an itemized statement of the fees and expenses sought. *See* 28 U.S.C. § 2412(d)(1)(A), (1)(B), (2)(B); *Scarborough v. Principi*, 541 U.S. 401, 407-08 (2004); *Cullens v. Gober*, 14 Vet.App. 234, 237 (2001) (en banc). Ms. Coleman's EAJA application was timely filed and satisfies the EAJA-content requirements. The Secretary makes no argument with respect to prevailing-party status or reasonableness of fees requested; however, the Secretary maintains that, contrary to Ms. Coleman's contentions, his position was substantially justified.

### B. Substantial Justification

Once an EAJA applicant alleges that the Secretary's position lacked substantial justification, the burden shifts to the Secretary to show that the Government's position was substantially justified at both the administrative and litigation stages of the matter in order to avoid paying EAJA fees. *See Locher v. Brown*, 9 Vet.App. 535, 537 (1996). To meet this burden, the Secretary must demonstrate that, based on "the totality of the circumstances, including merits, conduct, reasons given, and consistency with judicial precedent," his position at the administrative and litigation stages of the proceeding were not dilatory and had "a reasonable basis in law and fact." *Stillwell v. Brown,* 6 Vet.App. 291, 302 (1994) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). Ms. Coleman concedes that the Secretary's position during the administrative stage was substantially justified. *See* Appellant's Reply to Secretary's Response at 2. The Court must therefore determine whether substantial justification existed for the Secretary's litigation position.

The Court notes–and Ms. Coleman does not argue otherwise–that prior to *Mayfield II*, the Secretary's position was substantially justified in the litigation stage. Before *Mayfield II*, it was common practice not only to analyze the probative value of postdecisional documents, but also to rely on those documents to determine whether the VCAA notice provided was statutorily compliant; the acceptance of

the practice was reinforced in precedential decisions and a multitude of single-judge decisions of this Court. Indeed, the validity of reliance on postdecisional documents had not been questioned until the Federal Circuit reviewed this Court's decision in *Mayfield v. Nicholson,* 19 Vet.App. 103 (2006), *rev'd, Mayfield II, supra.* Because in this case, the Secretary relied, before *Mayfield II*, on then-existing law, the Court concludes that the Secretary acted reasonably during the pre-*Mayfield II* litigation stage. *See Clemmons v. West*, 12 Vet.App. 245, 247 (1999) (rejecting the theory that the Secretary should have sought remand prior to a change in caselaw because the Secretary "should have known" that a precedential case was wrongly decided); *see also Owen v. United States*, 861 F.2d 1273, 1274-75 (Fed. Cir. 1988) (holding that "government position [is] substantially justified when it [is] taken, based on precedents then standing," even though they are later overruled); *Stillwell*, 6 Vet.App. at 303 (recognizing that, when analyzing substantial justification, "the evolution of VA benefits law since the creation of this Court [ ] has often resulted in new, different, or more stringent requirements for adjudication").

Ms. Coleman places special emphasis, however, on the Secretary's failure to seek remand following issuance of *Mayfield II*. The Court looks to the circumstances surrounding the resolution of the dispute to determine whether the Secretary's position was substantially justified in the litigation stage. *See Dillon v. Brown*, 8 Vet.App. 165, 168 (1995); *Bowyer v. Brown,* 7 Vet.App. 549, 553 (1995); *Carpenito v. Brown*, 7 Vet.App. 534, 537 (1995). The length of time it took for the Secretary to take corrective action is one factor in our determination. *See Camphor v. Brown*, 8 Vet.App. 272, 275-76 (1995) (awarding the appellant EAJA fees when the Secretary failed to take corrective action following a change in caselaw that occurred three and a half months prior to the Court's decision); *Penny v. Brown*, 7 Vet.App. 348, 351 (1995) (finding the Secretary's position not substantially justified when the Secretary failed to advise the Court of pertinent authority within nine months of the authority's issuance); *see also Pierre v. West*, 12 Vet.App. 92, 96-97 (1998) (finding substantial justification where the Secretary sought remand four months following a change in law); *Bowyer*, 7 Vet.App. at 553 (noting a reasonable delay where the Secretary did not "drag his feet" in requesting remand one year after the change in law); *cf. Wisner*, 12 Vet.App. at 334 (holding Secretary's litigation position substantially justified where he moved quickly for remand based on a change in caselaw during the litigation stage); *Stillwell,* 6 Vet.App. at 302

4

(indicating that speed and cooperation in resolving matter is one factor by which to measure reasonableness of VA's litigation position).

Here, this Court issued its decision on the merits on June 1, 2006. Between *Mayfield II's* issuance on April 5, 2006, and this Court's decision initially affirming the case, 57 days elapsed. The Court notes the likelihood that the Secretary would not identify this case as one involving the Board's reliance on postadjudicatory notice given the minimal attention devoted to this issue in Ms. Coleman's appellate brief. Moreover, Ms. Coleman couched the issue as a failure-to-provide-predecisional-VCAA-notice argument rather than an argument that the Board impermissibly relied on postdecisional notice. *See* Appellant's Brief at 22. Based on the totality of the circumstances, and using Court caselaw as guidance, the Court concludes that the Secretary's failure to identify this case as one affected by *Mayfield II* and to seek remand within the 57-day period was reasonable. *See Dillon, Pierre*, and *Bower*, all *supra*.

Ms. Coleman additionally argues that the Secretary had an ethical obligation to advise the Court of the change in law; we agree, and further note that there is also an obligation under this Court's Rules of Practice and Procedure (Rules) to promptly advise the Court of significant supplemental authority after briefs are filed. *See* U.S. VET. APP. R. 30(b). However, those obligations do not apply to the Government alone. Ms. Coleman's own failure to identify this case as one implicating *Mayfield II* within the 57 days following its issuance and prior to this Court's order lends further credence to the Secretary's inaction within that timeframe.

As to Ms. Coleman's insistence that, following the filing of her motion for reconsideration on June 22, 2006, "the Secretary and General Counsel *failed* to concede" that reversal was appropriate in light of *Mayfield II*, the Court finds the Secretary's silence justified. Appellant's Response to Appellee's Reply to EAJA Application at 5 (emphasis in original). Under Rule 35(g) of this Court's Rules, the Secretary is expressly prohibited from filing a response to the motion. *See* U.S. VET. APP. R. 35(g) ("No response to a motion under this rule [(regarding motions for reconsideration)] may be filed unless it is requested by the Court.").

In sum, based on the totality of the circumstances, there is no suggestion that the Secretary dragged his feet, departed from established policy to single out the appellant, or took any other action during the

proceedings that would suggest his position was not substantially justified. *See Stillwell, supra.* Accordingly, the Secretary has carried his burden to show that EAJA fees should not be awarded because his position was substantially justified.

### III. CONCLUSION

Upon consideration of the foregoing, the appellant's EAJA application is DENIED.