**Richard P. OLNEY, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 92–783.**

United States Court of Veterans Appeals.

Nov. 17, 1994.

Ruth Eisenberg and Michael E. Wildhaber, Washington, DC, were on the brief, for appellant.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, Adrienne Koerber, Deputy Asst. Gen. Counsel, and Paul J. Hutter, Appellate Atty., Washington, DC, were on the brief, for appellee.

Before NEBEKER, Chief Judge, and FARLEY and HOLDAWAY, Judges.

FARLEY, Judge:

This case is before the Court on the appellant's application for an award of attorney

fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, totaling $5,565.15. The Court has jurisdiction to award attorney fees pursuant to section 506 of the Federal Courts Administration Act of 1992, Pub.L. No. 102–572, § 506, 106 Stat. 4506, 4513 (1992) (Section 506), which amended 28 U.S.C. § 2412(d)(2)(F) to make EAJA applicable to this Court. For the reasons set forth below, the Court will deny the appellant's application for attorney fees and expenses.

## I.

In May 1990, the appellant submitted a claim for both direct and presumptive service connection for carcinoma of the bladder. In January 1991, the rating board denied service connection for the claimed carcinoma of the bladder. On May 26, 1992, the Board of Veterans' Appeals (BVA or Board) concluded that the appellant was not entitled to direct service connection for carcinoma of the bladder, finding that carcinoma was not present in service. *Richard P. Olney*, BVA 92–12847, at 2–4 (May 26, 1992). To support its denial of the claim for direct service connection, the BVA relied on a medical treatise, J.F. HOLLAND & E. FREI III, CANCER MEDICINE 1903 (2nd ed. 1982). *Olney*, BVA 92–12847, at 3. (The presumptive service connection aspect of his claim was held in abeyance by the BVA, pending the promulgation of regulations pertaining to Agent Orange claims. *Id.* at 2.) The appellant filed a Notice of Appeal on June 22, 1992.

On May 14, 1993, before the appellant filed his brief, the Court decided *Thurber v. Brown*, 5 Vet.App. 119 (1993). In that case, the Court held that

before the BVA relies, in rendering a decision on a claim, on any evidence developed or obtained by it subsequent to the issuance of the most recent [Statement of the Case] or [Supplemental Statement of the Case] with respect to such claim, the BVA must provide a claimant with reasonable notice of such evidence and of the reliance proposed to be placed on it, and a reason-

able opportunity for the claimant to respond to it.

*Id.* at 126.

On July 23, 1993, the parties filed a joint motion for remand to require the BVA to comply with *Thurber*. The motion also stated that "[r]emand would also permit the BVA to more fully satisfy this Court's jurisprudence regarding credibility determinations and the requirement to state the reasons or bases for a decision." Joint Motion for Remand at 3. The motion was granted on July 28, 1993.

On August 27, 1993, the appellant's application for an award of attorney fees and expenses pursuant to EAJA was received. On January 12, 1994, the case was stayed pending *Stillwell v. Brown*, 6 Vet.App. 291 (1994), another EAJA case that was then still pending before this Court. After the *Stillwell* decision, judgment was reentered on March 24, 1994, and the mandate was issued on May 25, 1994, in accordance with *Stillwell*. On May 23, 1994, the EAJA application, the Secretary's response, and the appellant's reply to that response were all refiled. *See id.* at 300 ("A premature filing is 'treated as if' it were later filed.") (quoting *Brewer v. Am. Battle Monuments Comm'n*, 814 F.2d 1564, 1569–70 (Fed.Cir.1987)).

## II.

EAJA provides that

a court shall award to a prevailing party ... fees and other expenses, ... incurred by that party in any civil action, ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). By operation of Section 506, a "civil action" now includes an appeal to this Court, and an action against the Secretary of Veterans Affairs is an action against the United States for EAJA purposes. The appellant's application was timely filed and, as the Secretary concedes, the appellant is a prevailing party. Secretary's Response at 2; *see Shalala v. Schaefer*, ——

U.S. ——, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993); *Stillwell, supra.* Also, the Secretary has not alleged that any "special circumstances" exist which make a fee award unjust. *Ibid.* Therefore, the only issue left to be determined in evaluating the appellant's EAJA application is whether the government's position was "substantially justified."

### A.

■ The government has the burden of showing that its position was substantially justified in order to avoid paying the attorney fees and expenses. *Essex Electro Engineers, Inc. v. United States,* 757 F.2d 247, 252 (Fed.Cir.1985); *Broad Avenue Laundry & Tailoring v. United States,* 693 F.2d 1387, 1391 (Fed.Cir.1982). As a result of a 1985 amendment, the "position of the United States" includes not only "the position taken by the United States in the civil action, [but also] the action or failure to act by the agency upon which the civil action is based ..." 28 U.S.C. § 2412(d)(2)(D). A position by the government is substantially justified if "'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" *Stillwell,* 6 Vet.App. at 302 (quoting *Pierce v. Underwood,* 487 U.S. 552, 566 n. 2, 108 S.Ct. 2541, 2550 n. 2, 101 L.Ed.2d 490 (1988)). In *Commissioner, INS v. Jean,* 496 U.S. 154, 158–60, 110 S.Ct. 2316, 2319–20, 110 L.Ed.2d 134 (1990), the Supreme Court held that a court should make only one determination of whether the government's position was substantially justified, which determination "operates as a one-time threshold for fee eligibility."

In *Stillwell,* this Court reviewed all of the controlling case and statutory law and synthesized the following test for substantial justification, and also identified two other factors peculiar to veterans benefits law that may merit consideration:

> [T]he VA must demonstrate the reasonableness, in law and fact, of the position of the VA in a matter before the Court, and of the action or failure to act by the VA in a matter before the VA, based upon the totality of the circumstances, including merits, conduct, reasons given, and consistency with judicial precedent and VA policy with respect to such position, and action

or failure to act, as reflected in the record on appeal and the filings of the parties before the Court....

> Two special circumstances may also have a bearing upon the reasonableness of the litigation position of the VA, and of the action or inaction by the VA at the administrative level. One is the evolution of VA benefits law since the creation of this Court that has often resulted in new, different, or more stringent requirements for adjudication. The second is that some cases before this Court are ones of first impression involving good faith arguments of the government that are eventually rejected by the Court.

6 Vet.App. at 302–03.

### B.

■ Looking, as we must under *Stillwell,* to the "totality of the circumstances" to determine whether the position of the United States was substantially justified, we conclude that the catalyst for the remand was the change of law brought about by *Thurber.* Prior to *Thurber,* it was standard practice for the BVA to rely on medical treatises in their decisions without notifying the claimant in advance of its intention to do so, a practice which certain decisions of this Court appear to have endorsed. *See Colvin v. Derwinski,* 1 Vet.App. 171, 175 (1991) ("[T]he BVA is always free to supplement the record by ... citing recognized medical treatises in its decisions that clearly support its ultimate conclusions."); *Murphy v. Derwinski,* 1 Vet.App. 78, 81 (1990) (holding that in fulfilling the requirement that a BVA decision provide "reasons or bases" for its conclusion, the BVA may "include relevant portions of medical treatises and journals"). Thus, the Board here acted "consisten[tly] with judicial precedent and VA policy." *Stillwell, supra.*

In addition, the joint motion was filed on July 23, 1993, a little more than two months after *Thurber* was decided, and it is evident from the appellant's fee application that the negotiation of the joint motion began in June 1993. EAJA Application at 5. Thus, the Court concludes that the Secretary did not "drag its feet" in negotiating the joint motion

for remand with the appellant once the *Thurber* case was decided. *See* Secretary's Response at 5–6; *Essex Electro,* 757 F.2d at 253 (stating that, when deciding whether the government was substantially justified in a particular case, one factor a court should consider is whether the government "drag[ged] its feet . . . [or whether it] cooperated in speedily resolving the litigation").

The two arguments advanced by the appellant do not address the change in the law brought about by *Thurber.* The appellant first argues that the Secretary "failed to comply with the statutory obligation to assist the appellant to develop the facts pertinent to his claim by refusing to investigate and confirm the alleged opinion of his treating physician that his bladder cancer was probably developing while the appellant was still in the active military service." EAJA Application at 3. While this argument may be of interest, it is premature; it goes to the merits of the appellant's claim and is more properly raised before the BVA during remand. Our "totality of the circumstances" review compels the conclusion that it played little, if any, role in the remand.

The second basis for the appellant's claim for fees is that

> [d]uring negotiation of the joint remand, the Secretary took the unreasonable position that the duty to assist the appellant to investigate and confirm the alleged opinion of his treating physician that his bladder cancer was probably developing while the appellant was still in active military service did not apply until the BVA could make a finding that the appellant was credible in making the allegation, despite the BVA's determining that the appellant's claim was well-grounded.

EAJA Application at 4. Again, the appellant is raising a smokescreen to cover the fact that this matter was remanded at the request of the parties due to the intervening decision in *Thurber.* Moreover, as the Secretary notes, the statements made during the negotiations were entirely consistent with existing case law, *see Grottveit v. Brown,* 5 Vet.App. 91 (1993), and *Espiritu v. Derwinski,* 2 Vet. App. 492 (1992), and positions taken in a settlement negotiation should not weigh into a determination of substantial justification. The inhibiting effect which would result from imposing financial liability for statements made during negotiations is obvious. Factoring such considerations into the Court's determination would force the Secretary to be very apprehensive about engaging in settlement negotiations. This directly conflicts with the public policy behind encouraging settlements, and thus positions taken during settlement negotiations have no place in determining whether the government's position was substantially justified. *Cf.* U.S. Vet. App.R. 33(b) ("Unless the parties agree to the contrary in writing, nothing that occurs during prehearing conferences may be used in argument or pleadings before any court.").

### III. CONCLUSION

Having considered all of the factors set forth in *Stillwell v. Brown* and the entire record of this case, the Court concludes that, under the "totality of the circumstances," the position of the government was substantially justified. Accordingly, the Court denies the appellant's EAJA application for attorney fees and expenses.