Craig J. MOORE, Appellant,

v.

Hershel W. GOBER, Acting Secretary of Veterans Affairs, Appellee.

No. 89–79.

United States Court of Veterans Appeals.

Oct. 16, 1997.

Barton F. Stichman, Diane Boyd Rauber, Ruth Eisenberg, Gershon Ratner, Stephanie Forester, and Robin Duncan Culbertson, Washington, DC, were on the pleadings for appellant.

R. Randall Campbell, with whom Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; Adrienne Koerber, Deputy Assistant General Counsel, Washington, DC, were on the pleadings for appellee.

Before NEBEKER, Chief Judge, and KRAMER and FARLEY, Judges.

FARLEY, Judge:

This case is before the Court on the appellant's application for an award of attorney fees and expenses totaling $49,252.52 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Court has jurisdiction to award attorney fees pursuant to section 506 of the Federal Courts Administration Act of 1992, Pub.L. No. 102–572, 106 Stat. 4506, 4513 (FCAA), which amended 28 U.S.C. § 2412(d)(2)(F) to make EAJA applicable to this Court. For the reasons set forth below, the Court will grant in part the appellant's application for attorney fees and expenses.

## I. CASE ON THE MERITS

A Board of Veterans' Appeals (BVA or Board) decision dated July 24, 1989, denied the appellant entitlement to an increased rating for chronic paranoid schizophrenia with psychotic depression and to a total disability rating based on individual unemployability (TDIU). Record (R.) at 114. The appellant thereafter appealed to this Court. In his brief, the appellant argued that records from his education and vocational rehabilitation files should have been associated with his claims file in order to properly adjudicate his TDIU claim. He also argued that the Board did not properly apply 38 C.F.R. § 4.16. In March 1991, the Secretary filed a motion for remand, arguing that it was unclear whether the Board had considered possibly relevant evidence in the appellant's education and vocational counseling files. The stated purpose for the remand was "to require the Board to obtain and associate with the claims folder the veteran's education and vocational counseling folders." Secretary's Motion for Remand at 2. The appellant filed a response consenting to the Secretary's motion. On May 9, 1991, the Court granted the Secretary's motion and remanded the appellant's claim "to permit reconsideration in light of the Secretary's motion." *Moore v. Derwinski*, 1 Vet.App. 387 (1991) (table). Although the Court subsequently purported to modify its order by retaining jurisdiction over the case for purposes of a possible EAJA application, the Court could not properly have retained jurisdiction over the remanded BVA decision because "concurrent or dual plenary jurisdiction is impermissible." *See Cleary v. Brown*, 8 Vet.App. 305, 308 (1995) (quoting *Cerullo v. Derwinski*, 1 Vet.App. 195, 197 (1991)). The BVA then awarded a total disability rating, and the Court eventually entered judgment in January 1992.

The appellant filed his application for attorney fees on February 10, 1992, asserting that: (1) he was a prevailing party; (2) his net income was less than $2,000,000 and he was therefore eligible to receive a fee award; (3) the Secretary's position was not substan-

tially justified; and (4) no special circumstances existed which would make an attorney fee award unjust. EAJA Application (Appl.) at 7–10. The appellant argued that the Secretary's position was not substantially justified because he "ignored both the relevant regulatory analysis and the crucial fact that appellant's service-connected disability had prevented him from working since his discharge from service." EAJA Appl. at 12. The Secretary opposed the appellant's application on various grounds. In April 1993, the appellant filed an itemized statement of the time expended during the fees phase of the litigation.

In February 1994, following oral argument, the Court dismissed the appellant's fee petition pursuant to *Jones v. Brown,* 6 Vet.App. 101 (1993). The Court in *Jones* had held that, for purposes of EAJA and the FCAA, a case must have been pending on the merits on or after October 29, 1992, in order for this Court to have jurisdiction over an application for attorney fees. *Id.* The *Jones* case was subsequently reversed by the Federal Circuit. *See Jones v. Brown,* 41 F.3d 634 (Fed. Cir.1994). The appellant then appealed his case to the Federal Circuit and, based on the reversal in *Jones,* his case was remanded to this Court. In May 1995, the Court stayed the case pending an outcome in *Cleary, supra.* Following the issuance of the Court's decision in *Cleary,* in which the Court held that fees generally could not be awarded for post-remand work, the Court entered an order allowing the parties to submit further pleadings in this matter.

Supplemental pleadings were filed and a briefing conference was held. As a result of that conference, a panel of this Court issued an order asking the parties to address only one issue: "Whether the Secretary's position was substantially justified at the administrative level." On June 17, 1997, the Secretary filed a response arguing that the purpose of the Court's May 1991 remand was essentially to allow the Secretary to further articulate the reasons or bases for its initial denial of the appellant's TDIU claim. Specifically, the Secretary argued that the Board had failed to adequately discuss possibly relevant records in the appellant's education and vocational rehabilitation files and failed to clearly discuss the application of 38 C.F.R. § 4.16 to the appellant's claim. The Secretary argued that given the state of the law at the time of its initial denial of the TDIU claim and the fact that the Court had not yet issued its decision in *Gilbert v. Derwinski,* 1 Vet.App. 49 (1990), the Board's decision was substantially justified.

In reply, the appellant argued that the reason for the Court's remand was not solely to provide more accurate reasons or bases, but to rectify the failure to obtain those records in the first place, which constituted a violation of the Secretary's duty to assist. For this reason, the appellant urges that the initial denial of the appellant's TDIU claim, which was decided without the benefit of relevant records that were in the possession of the Secretary, was not substantially justified. The appellant also argued that the Board's decision was not substantially justified with respect to its reasons or bases pertaining to the applicability of 38 C.F.R. § 4.16 since any confusion regarding the applicability of the regulation was caused by the Secretary.

## II. ANALYSIS

The EAJA provides in relevant part that:

> (d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party ... fees and other expenses ... incurred by that party ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
>
> (2) For the purposes of this subsection—
>
> ....
>
> (D) "position of the United States" means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based....

28 U.S.C. § 2412(d)(1)(A), (2)(D). The appellant's application was timely filed and the appellant is a prevailing party. In order to prevail on the issue of fees, the Secretary must show substantial justification for both

his administrative and litigation positions. *Locher v. Brown,* 9 Vet.App. 535, 537 (1996); *see also ZP v. Brown,* 8 Vet.App. 303, 304 (1995). Since the Secretary moved without undue delay for a remand after learning of the existence of possibly relevant evidence, the Court holds that the Secretary's position at the litigation stage was substantially justified. *See Bowyer v. Brown,* 7 Vet.App. 549 (1995). The Court and the parties therefore have narrowed the issue before the Court to whether the government's position was substantially justified at the administrative level.

In *Stillwell v. Brown,* 6 Vet.App. 291, 302 (1994), this Court established the following standard to determine the "substantial justification" issue:

> [T] he VA must demonstrate the reasonableness, in law and fact, of the position of the VA in a matter before the Court, and of the action or failure to act by the VA in a matter before the VA, based upon the totality of the circumstances, including merits, conduct, reasons given, and consistency with judicial precedent and VA policy with respect to such position, and action or failure to act, as reflected in the record on appeal and the filings of the parties before the Court.

The Court also adopted the following "reasonableness" test:

> (1) [R]easonableness is determined by the totality of circumstances, and not by any single-factor approach; (2) reasonableness "turns on what support in law and fact the government offered in defending its case, and ... the merits of the agency decision constitute only one factor in evaluating the justification for the government's litigating position in court," *Essex [Electro Engineers, Inc. v. United States,* 757 F.2d 247, 253 (Fed.Cir.1985) ] (citation omitted); (3) whether the government "drag[ged] its feet," or "cooperated in speedily resolving the litigation," *id.;* and (4) whether the government "departed from established policy in such a way as to single out a particular private party," *id.* at 254 (citation omitted).

*Id.*

■ To determine whether the Secretary's position was "reasonable" during the administrative proceedings, the Court looks to the relevant, determinative circumstances, including the state of the law at the time of the BVA decision. *Bowyer,* 7 Vet.App. at 552. The appellant argues that the Secretary's position at the administrative level was not substantially justified for two reasons. First, the appellant argues that the Secretary failed to associate with his claims file and consider records from the appellant's VA education and vocational rehabilitation files. Although the Secretary argues that the Court's remand was based on nothing more than the Board's failure to provide adequate reasons or bases for its decision, that self-serving characterization ignores the more fundamental error: adjudication of a claim on an incomplete record. "The only way to adjudicate a veteran's claim properly and fairly is to obtain all pertinent records." *Murincsak v. Derwinski,* 2 Vet.App. 363, 372 (1992); *cf. Simington v. Brown,* 9 Vet.App. 334, 335 (1996) (per curiam order); *Bell v. Derwinski,* 2 Vet.App. 611, 613 (1992) (per curiam order) (documents within the Secretary's control are, in contemplation of the law, before the Secretary and the Board). A review of the record on appeal discloses that it was a matter of record that the appellant had received benefits under the education and vocational rehabilitation programs. *See* R. at 30, 37, 65. Under such circumstances, the RO and the Board must obtain and consider those records. *See Murincsak,* 2 Vet. App. at 373. However, those records were never sought until the Court remanded the claim to allow the Secretary to consider them along with the evidence already of record.

■ Although the Secretary's argument is couched in terms of a BVA failure to provide adequate reasons or bases by failing to discuss the education and vocational records, the error on the part of the Secretary which is ultimately leading to an award of fees under EAJA was the failure to obtain and associate those records with the appellant's claims file in the first instance. The Secretary would argue that given the state of the law at the time of the BVA decision denying TDIU, which was prior to the issuance of any caselaw from this Court, his position was substantially justified. However, "[a] lack of

judicial precedent adverse to the government's position does not preclude a fee under the EAJA." *Felton v. Brown,* 7 Vet.App. 276, 281 (1994) (quoting *Ramon–Sepulveda v. INS,* 863 F.2d 1458, 1459 (9th Cir.1988)). Moreover, the duty to assist was enacted as part of the Veterans' Judicial Review Act (VJRA), Pub.L. No. 100–687, 102 Stat. 4113 (1988) and had already been a fundamental component of the non-adversarial VA adjudication process before enactment of the VJRA. Accordingly, the Court holds that the Secretary's failure to obtain the appellant's education and vocational rehabilitation records during the administrative proceedings was not substantially justified.

█ The appellant next argues that the Board failed to adequately discuss the applicability of 38 C.F.R. § 4.16 to the appellant's claim. Given that the Court has found that "the regulatory provisions relating to unemployability and total disability ... [presented] a confusing tapestry" at the time of the Board's initial decision in this case, the Court cannot conclude that the Board's decision on this issue in this case was not substantially justified. *See Hatlestad v. Derwinski,* 1 Vet. App. 164, 167 (1991). Nevertheless, based on the Board's failure to consider the records from the appellant's education and vocational rehabilitation files, the Court holds that the government's position was not substantially justified and therefore the appellant is entitled to reasonable attorney fees and expenses under EAJA. *See Stillwell, supra.; see also Olney v. Brown,* 7 Vet.App. 160 (1994).

### III. CALCULATION OF FEE AWARD

█ We now must determine whether the amount of fees and expenses claimed in the appellant's application and supplemental statements is reasonable. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Elcyzyn v. Brown,* 7 Vet.App. 170, 176 (1994) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)). In the latest itemized statement filed by the appellant in December 1996, the appellant calculated the hourly rate using the statutori-

ly allowed $75.00 plus a cost of living adjustment (COLA) measured by the U.S. Department of Labor's "all items" Consumer Price Index for All Urban Consumers (CPI–ALL) published by the Bureau of Labor Statistics. The Secretary does not oppose the hourly rates outlined in the appellant's December 1996 supplemental itemized statement, and the CPI–ALL is generally used in determining whether the total fee claimed by the appellant is reasonable. *See id.* (holding CPI–ALL index appropriate cost of living index for determining attorney fee under EAJA).

█ The Secretary argues that the amount of hours expended on this case is not reasonable since there was a duplication of effort in the preparation of the appellant's initial fee application. Specifically, the Secretary contends that "the EAJA issues briefed in [the] appellant's February 1992 application were briefed earlier by NVLSP in October 1991 for *Karnas* [*v. Derwinski,* 1 Vet.App. 308 (1991) ], and the initial fee application submitted in this case largely duplicates the *Karnas* material." Secretary's Supplemental (Suppl.) Pleading at 17. The Secretary relies on *Vidal v. Brown,* which held that the Court may reduce the number of hours claimed for time spent on duplicative work. 8 Vet.App. 488, 493 (1996). However, that reliance is misplaced; in *Vidal* the appellant reiterated in his reply brief the same arguments that he had made in his principal brief, and the Court reduced the number of hours the appellant's attorney spent on the reply brief. *Id.* In the instant case, the appellant's counsel did use many of the same arguments made in the fee application submitted in *Karnas, supra.* However, in an effort to avoid duplicating many of the arguments made in *Karnas,* the appellant's counsel incorporated by reference many pages of the fee application in *Karnas.* Moreover, much of the "duplicative" material was required to establish jurisdiction under EAJA ("prevailing party," "substantial justification," etc.) and had to be included in the appellant's fee application. *See Bazalo v. Brown,* 9 Vet.App. 304, 308 (1996). Therefore, to the extent that there may have been a duplication of effort, the Court holds any

such duplication was necessary for a complete fee application. Finally, the Court notes that the appellant, in the exercise of billing judgment, excluded many hours of attorney time and law clerk time from the itemized statements of time and expenses.

■ The Secretary next argues that fees should not be awarded for post-remand work on the merits of this case. In *Cleary*, the Court held that its jurisdiction ended when it remanded a claim to the Board for readjudication and therefore post-remand proceedings were not part of the civil action for which EAJA fees were awardable. 8 Vet. App. at 308. The appellant has also essentially conceded this issue in light of the Court's decision in *Cleary*. *See* Appellant's Suppl. Memorandum at 9. Therefore, the Court will reduce the number of hours expended on his case by the number of hours spent on post-remand work. The Secretary also argues that "the Court must not award fees for the litigation over the EAJA application itself regarding the *Cleary* issue." Secretary's Suppl. Pleading at 18. Since the appellant has not prevailed on the issue of post-remand fees, the Court will not award fees for litigation over that issue. *Cleary*, 8 Vet.App. at 309; *see Commissioner, INS v. Jean*, 496 U.S. 154, 163 n. 10, 110 S.Ct. 2316, 2321 n. 10, 110 L.Ed.2d 134 (1990) ("Fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation.").

## IV. CONCLUSION

Having considered all of the factors set forth in *Stillwell*, 6 Vet.App. at 302, and the entire record of this case, the Court concludes that, under the "totality of the circumstances," the position of the government was not substantially justified. *See Olney, supra*. This case has a long history and it is time to bring it to a close. Accordingly, the appellant's Application For Payment of Attorney's Fees Pursuant to EAJA is granted in an amount to be determined in accordance with this opinion.

The appellant shall submit a revised accounting which reflects a deduction for time spent on post-remand work and litigation over entitlement to fees for post-remand

work. In addition, the appellant may include in his revised accounting work performed since the December 1996 itemized statement. Once the appellant files and serves a revised accounting, the Secretary shall have 20 days to file objections to that accounting; if objections are not filed within 20 days, or if the Secretary indicates that he will interpose no objections, the Clerk of the Court is directed to enter an order awarding the appellant's claimed attorney fees and expenses. If the Secretary files objections, the parties will be expected to attempt to resolve any differences, and a conference pursuant to Rule 33 of this Court's Rules of Practice and Procedure would be available to assist the parties in that endeavor.

It is so ORDERED.