**Paul W. JACKSON, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

**No. 96–619.**

United States Court of Appeals for Veterans Claims.

June 14, 1999.

Frederick A. Provorny was on the pleadings for the appellant.

Leigh A. Bradley, General Counsel; Ron Garvin, Assistant General Counsel; Joan E. Moriarty, Deputy Assistant General Counsel; and Patricia Trujillo were on the pleading for the appellee.

Before IVERS, STEINBERG, and GREENE, Judges.

STEINBERG, Judge:

The appellant, World War II veteran Paul W. Jackson, appealed through counsel a May 24, 1996, decision of the Board of Veterans' Appeals (BVA or Board) that denied an increased rating (above 10%) for a Department of Veterans Affairs (VA) service-connection claim for bilateral varicose veins. Record (R.) at 7. On July 15, 1998, the Court vacated that BVA decision and remanded the matter for readjudication. The appellant has filed a timely application for attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The Secretary has filed an opposition to that application, and the appellant has filed a reply to that opposition and a request for additional fees and expenses. For the reasons that follow, the Court will grant the EAJA application subject to recalculation pursuant to *Mannino v. West,* 12 Vet.App. 242 (1999).

## I. Relevant Background

On June 3, 1996, the appellant filed a Notice of Appeal in this Court. The Secretary designated the record on August 9, 1996. The appellant filed the counter designation of the record on March 25, 1997. The appellant filed his brief on December 29, 1997, the Secretary filed his response on March 31, 1998, and the appellant filed a reply on April 13, 1998.

The appellant argued in his brief that the Board had failed (1) to make a finding of fact as to the varicose veins above his knees; (2) to carry out its duty to assist pursuant to 38 U.S.C. § 5107(a) by not providing a contemporaneous and adequate physical examination (including a functional impairment analysis, in accordance with 38 C.F.R. § 4.104, Diagnostic Code (DC) 7120 (1995), during an "active phase", by an examiner with access to the appellant's claims file); (3) to provide the appellant with reasonable notice of its intent to rely on specific material and an opportunity to respond to that material as required by *Thurber v. Brown,* 5 Vet.App. 119, 126 (1993); (4) to adjudicate his claim pursuant to 38 C.F.R. § 3.303 (1998) ("administer the law under a broad and liberal interpretation consistent with the facts in each individual case"); (5) to provide an adequate statement of reasons or bases pursuant to 38 U.S.C. § 7104(d)(1); and (6) to apply the benefit-of-the-doubt rule pursuant to 38 U.S.C. § 5107(b). Brief at 10–24. In his brief, the Secretary, citing *Karnas v. Derwinski,* 1 Vet. App. 308 (1991), conceded that the Board decision should be vacated and the matter remanded to the Board to consider a change in the regulations on varicose veins that had occurred while the appeal was pending. Brief at 6. He noted that the VA Schedule for Rating Disabilities as to varicose veins had been substantially revised, effective January 12, 1998. *See* 62 Fed.Reg. 65207–65224 (1997) (codified at 38 C.F.R. §§ 4.100, 4.101,

4.102, and 4.104 (1998)). The Secretary also noted that, in the revision of § 4.104, DC 7120 had been changed to include broader rating criteria and expanded to include the availability of a 100% schedular rating. Brief at 7. In requesting that remand, the Secretary stated that the Board on remand must base its subsequent decision on medical evidence that reflected the current level of the appellant's disability and must include an adequate statement of reasons or bases and "discuss the applicability" of the benefit-of-the-doubt rule. *Ibid.* Finally, the Secretary argued that, except for the intervening change in regulation, the BVA decision on appeal should have been affirmed as not clearly erroneous; he briefly rebutted the appellant's contentions, particularly the lack of an adequate contemporaneous medical examination, the failure to apply the benefit-of-the-doubt rule, and an inadequate statement of reasons or bases. Brief at 8–10. In his reply, the appellant agreed that his appeal should be remanded but urged the Court to instruct the Board not to repeat on remand the errors that he asserted that the Board had committed in its May 1996 decision. Reply at 1.

On July 15, 1998, the Court vacated the May 1996 BVA decision and remanded the rating-increase matter. The Court held:

In accordance with *Karnas* [, 1 Vet.App. at 313], when a law or regulation changes after a claim has been filed or reopened, but before the administrative or judicial appeal has been concluded, the version more favorable to the claimant must be applied. *See also DeSousa v. Gober,* 10 Vet.App. 461, 467 (1997). Accordingly, the Board decision will be vacated and the matter remanded for readjudication. The record on remand should include copies of all pleadings and motions relating to the merits filed here by the parties that pertain to the subject of the remand and of all orders, decisions, and opinions issued by this Court or any other in connection with the remanded matter. Any decision on remand must be based on medical evidence that reflects the current level of the appellant's disability (including the conduct of a thorough and contemporaneous medical examination, in which the examiner has available for review the appellant's full medical record regarding this claim and renders an opinion on the current state of the appellant's varicose veins during their active phase, where they are, and how they limit activity in the context of the applicable DC, *see* 38 C.F.R. § 4.1, 4.2, 4.7, 4.10, 4.104 (1997); *Ardison v. Brown,* 6 Vet.App. 405, 407–08 (1994); *Suttmann v. Brown,* 5 Vet.App. 127, 138 (1993); *Green (Victor) v. Derwinski,* 1 Vet.App. 121, 124 (1991))[,] and must apply the rating criteria most favorable to the appellant. *See DeSousa* and *Karnas,* both *supra.* On remand, the Board must (1) include an adequate statement of the reasons or bases for its findings and conclusions; (2) account for all the evidence of record; (3) analyze the credibility and probative value of all material evidence; and (4) fully explain why it finds persuasive or unpersuasive each piece of material evidence, especially that in support of the claim. Additionally, the Board should discuss the applicability of the "benefit of the doubt" doctrine in 38 U.S.C. § 5107(b). *See Williams (Willie) v. Brown,* 4 Vet.App. 270, 273–74 (1993); *Gilbert v. Derwinski,* 1 Vet.App. 49, 53–56, 58 (1990).

*Jackson v. West,* No. 96–619, 1998 WL 557325, at *1 (Vet.App. July 15, 1998).

On October 8, 1998, the appellant filed through counsel an application for $12,871.21 in attorney fees and expenses under the EAJA, using the U.S. City Average, Consumer Price Index for All Urban Consumers (CPI–U). Application at 8–11, Exhibit A. On November 10, 1998, the Secretary filed a response in opposition, urging that the Court deny the application solely on the ground that his position was "substantially justified" because the catalyst for the remand was the change in law and VA had not unduly delayed in moving for a remand on that basis. Response at 3–4. The appellant argued in his December 7, 1998, reply that the Secretary's position, at both the administrative and litigation stages, was not "substantially justified". Reply at 2. On that same date, the appellant also filed a supplemental application for an additional $1,989.21 in attorney fees and expenses for the work done in prep-

aration and support of the EAJA application. The Secretary has not opposed either the initial or that additional amount—totaling $14,860.42 in fees and expenses.

## II. Analysis

### A. Jurisdiction

This Court has jurisdiction to award reasonable attorney fees and expenses pursuant to 28 U.S.C. § 2412(d)(2)(F) as amended by section 506 of the Federal Courts Administration Act of 1992, Pub.L. No. 102–572, § 506, 106 Stat. 4506, 4513 (1992). The appellant's October 8, 1998, EAJA application was filed within the 30–day EAJA application period set forth in 28 U.S.C. § 2412(d)(1)(B) and has satisfied any jurisdictional content requirements that apply because the application contained the following: (1) A showing that, by virtue of the Court's remand, he is a prevailing party within the meaning of the EAJA; (2) a showing that he is a party eligible for an award under the EAJA because his net worth does not exceed two million dollars; (3) an assertion that the position of the Secretary was not substantially justified; and (4) an itemized statement of the fees sought supported by an affidavit from the appellant's counsel. *See* 28 U.S.C. § 2412(d)(1)(A) and (B), (2)(B); *Chesser v. West*, 11 Vet.App. 497, 499 (1998); *Bazalo v. Brown*, 9 Vet.App. 304, 308 (1996), *rev'd on other grounds sub nom. Bazalo v. West*, 150 F.3d 1380, 1384 (Fed.Cir.1998) (concluding that showing of net worth not jurisdictional requirement).

### B. Substantial Justification

■ This Court will award attorney fees "unless the [C]ourt finds that the position of the United States was substantially justified". 28 U.S.C. § 2412(d)(1)(A); *Stillwell v. Brown*, 6 Vet.App. 291, 301 (1994). Because the appellant here has alleged, pursuant to 28 U.S.C. § 2412(d)(1)(B), that the Secretary's position was not substantially justified (Application at 8–11; Reply at 2), the Secretary "has the burden of proving that [his] position was substantially justified in order to defeat the appellant's EAJA application", *Stillwell, supra.* In order to avoid the payment of attorney fees and expenses, the Secretary must demonstrate that his position was substantially justified at both the admin-

istrative (BVA) and litigation (in this Court) stages. *See Locher v. Brown*, 9 Vet.App. 535, 537 (1996); *ZP v. Brown*, 8 Vet.App. 303, 304 (1995).

■ This Court generally applies the following standard for determining whether the Secretary's position was substantially justified:

VA must demonstrate the reasonableness, in law and fact, of the position of the VA in a matter before the Court, and of the action or failure to act by the VA in a matter before the VA, based upon the totality of the circumstances, including merits, conduct, reasons given, and consistency with judicial precedent and VA policy with respect to such position, and action or failure to act, as reflected in the record on appeal and the filings of the parties before the Court. . . .

*Stillwell*, 6 Vet.App. at 302–03.

■ To determine whether the Secretary has demonstrated that his position was "reasonable" during the administrative and litigation stages, the Court looks, respectively, to the " 'relevant, determinative circumstances' " and to the "circumstances surrounding the resolution of the dispute". *Stephens v. West*, 12 Vet.App. 115, 118 (1999) (quoting and citing *Dillon v. Brown*, 8 Vet. App. 165, 167–68 (1995), *Bowyer v. Brown*, 7 Vet.App. 549, 552–53 (1995), and *Carpenito v. Brown*, 7 Vet.App. 534, 536–37 (1995)). The Secretary contends that, because the intervening change in regulation was the catalyst for the remand and because his primary litigation position was a request for a remand, his position at both the administrative and litigation stages was reasonable. Response (Resp.) at 3–4. Citing *Pierce v. Underwood*, 487 U.S. 552, 563, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), he argues that the "substantial justification inquiry should not lead to a retrying of the merits of the case." Resp. at 8. The appellant asserts that the Board committed numerous errors at the administrative stage and that at the litigation stage the Secretary expressly opposed any remand related to those errors but that the Court, nonetheless, specifically directed the Board to correct those errors as well as to

apply the amended regulation. Application at 9–11; Reply at 2.

We will first consider the question whether the Secretary was substantially justified during the administrative stage. That question depends initially on a determination of what were the relevant, determinative circumstances governing the Court's disposition of the appeal. *See Stephens* and *Dillon*, both *supra*.

**1. Relevant, Determinative Circumstances at Administrative Stage.** In determining the relevant, determinative circumstances at the administrative stage, we focus on what the Board was required to do under the terms of the remand ordered by the Court. *See Stephens*, 12 Vet.App. at 118–19 (focusing on language of Court's order). When the appeal involves a remand order following a joint motion for remand, "it is the Court's order remanding the claim, and consequently the language of the joint motion, upon which an evaluation of the basis for the remand must focus." *Id.* at 118; *Olney v. Brown*, 7 Vet.App. 160, 162–63 (1994). In a case such as the instant case, where there was a Court remand but no joint remand motion, the Court, in order to determine "reasonableness" under the "totality of the circumstances", must focus on the Court's remand order and the language of the underlying pleadings, including any remand motions or requests submitted. *Cf. Stephens, supra.* When the Court's remand order provides only one basis for remand and does "not address any other allegations of error", the appellant's additional allegations of BVA error cannot be considered to be " 'relevant determinative circumstances' that would shed light on the reasonableness of the Secretary's ... position", *Dillon*, 8 Vet.App. at 168, but, rather, constitute an impermissible attempt to conduct a "second major litigation" of the merits. *Dillon, supra* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).

In the somewhat similar context of joint remand motions, this Court has previously considered remand orders both that did not and that did include language about what the Board should do on remand. In *Dillon*, the Court, in declining "the appellant's invitation to conduct such a 'second major litigation' ", concluded as follows: "The fact that the Court's remand order cited *only* the [changed caselaw] error and did not address any other allegations of error establishes that the [changed caselaw] error *alone* served as 'the catalyst for the remand.' " *Dillon*, 8 Vet.App. at 168 (emphasis added) (quoting *Olney*, 7 Vet.App. at 162). That was clearly not the case here, as the discussion below will illustrate. Most recently, in deciding, in a joint-remand-motion case, not to " 'reach back and, in essence, readjudicate the appeal de novo' ", the Court held in *Stephens* "that the only basis for remand was to permit the BVA to consider the effect of the regulation change on the veteran's claim" because "the joint motion [had only] conditionally state[d] that even if the changed regulation is not more favorable to the veteran, the BVA 'should also *consider* whether another VA examination should be performed.' " *Stephens*, 12 Vet.App. at 119 (emphasis added).

In the instant case, however, the remand order contained unconditional language that expressly directed the Board to carry out specified further development and to address certain specified issues on remand, not merely to "consider" whether or not to do so. Specifically, the Court ordered:

> Any decision on remand *must* be based on medical evidence that reflects the current level of the appellant's disability (including the conduct of a thorough and contemporaneous medical examination, *in which the examiner has available for review the appellant's full medical record regarding this claim and renders an opinion on the current state of the appellant's varicose veins during their active phase, where they are, and how they limit activity in the context of the applicable DC, see* 38 C.F.R. § 4.1, 4.2, 4.7, 4.10, 4.104 (1997); *Ardison v. Brown*, 6 Vet.App. 405, 407–08 (1994); *Suttmann* [, 5 Vet.App. at 138]; *Green* [*(Victor)*, 1 Vet.App. at 124,]) and *must* apply the rating criteria most favorable to the appellant.

*Jackson, supra* (emphasis added). That language was not merely "an exhortation to the Board to ensure that its possible new deter-

mination is predicated on a different and complete medical record", as was the case in *Stephens* and *Olney*, but was "a directive awarding the performance of a new evaluation on remand." *Stephens, supra.* Also, the Court provided that "the Board should discuss the applicability of the 'benefit of the doubt' doctrine". *Ibid.* The mandatory, unconditional language of the Court's remand order here is analogous to that in *Perry v. West*, in which the Secretary did not contest the substantial-justification issue; there the Court held "that the remand proposed by the Secretary and the remand ordered by the Court were not equivalent ... [; in fact,] the Court ... expressly required significantly greater relief than was contemplated by the Secretary's proposed remand." *Perry*, 11 Vet.App. 319, 326 (1998).

Accordingly, the Court concludes that the Board's failure, as asserted by the appellant, to provide a thorough and contemporaneous medical examination, with the examiner clearly having had the appellant's claim file in advance and then focussing on the appellant's upper leg as well as lower leg and doing so during an active phase of the condition, did in fact play a significant role in the Court's decision to remand. *Cf. Stephens, Dillon,* and *Olney,* all *supra.* Thus, the Court holds that the very specific, mandatory language in this remand order imposing the additional requirements constituted an additional ground for remand based on an implicit determination by the Court that the Board had erred in its adjudication of the case on the basis of the examination that had been afforded, *cf. Stephens, supra,* and thus further constituted "relevant, determinative circumstances", over and above the *Karnas* grounds, governing the Court's remand of the case. *Stephens, supra.*

We therefore must reach the question, left open in *Stephens, Dillon,* and *Olney*, of the appellant's "entitlement to EAJA fees where two [or more] equal bases serve as the catalyst for remand, one being an intervening change in law." *Ibid.; Dillon,* and *Olney,* both *supra.*

**■ 2. *Reasonableness at the Administrative Stage.*** Hence, we will now consider whether the Board's failure to provide an adequate medical examination was reasonable under the statutory and regulatory provisions applicable at the time of the BVA decision in May 1996. *See Moore (Craig) v. Gober,* 10 Vet.App. 436, 440 (1997). We hold that it was not, for the following reasons. The Board found that the rating-increase claim was well grounded (R. at 3), and the Court's order, although not citing directly to 38 U.S.C. § 5107(a), indicated agreement with the Board by citing to *Suttmann* and *Green (Victor)*, both of which had found claims to be well grounded and then, after finding that the Board had breached its duty to assist by failing to provide for thorough and contemporaneous medical examinations, had remanded for such examinations. *See Jackson, supra; see also Suttmann,* 5 Vet. App. at 138; *Green (Victor),* 1 Vet.App. at 123–24. The law at the time of the Board's May 1996 decision was clearly established (and still is) as follows: A well-grounded rating-increase claim requires only that the veteran assert that the disability has increased in severity. *See Proscelle v. Derwinski,* 2 Vet.App. 629, 631–32 (1992); R. at 216, 244–45 (veteran asserts that he has pain and cannot walk without difficulty due to vein deterioration); *see also Falzone v. Brown,* 8 Vet.App. 398, 406 (1995). When faced with a well-grounded rating-increase claim, the Board is required to assist a claimant in developing the facts pertinent to the claim. *See* 38 U.S.C. § 5107(a); 38 C.F.R. § 3.159 (1995); *Littke v. Derwinski,* 1 Vet.App. 90, 91–92 (1990). "If a diagnosis is not supported by the findings on the examination report or if the report does not contain sufficient detail, it is incumbent upon the rating board to return the report as inadequate for evaluation purposes." 38 C.F.R. § 4.2 (1995); *see also* 38 C.F.R. § 19.9 (1995) ("[i]f further evidence ... is essential for proper appellate decision, [the BVA] shall remand the case to the [RO]"). In addition, the Court had established in *Ardison, supra,* that, where a VA examination had not been conducted during the active stage of a veteran's cyclical tinea pedis (athlete's foot) condition, a remand was necessary for an adequate medical examination during the active stage of that condition. Finally, the regulation in force at the time of the BVA decision,

38 C.F.R. § 4.104, DC 7120 (1995), distinguished between problems of the legs above the knees and those below the knee; under that DC 7120 version, the appellant could not have received a rating higher than 30% without problems above the knee.

■ In the Court's July 1998 remand order, the Court's specific direction that the Board provide for a new medical examination (with the examiner having "available for review the appellant's full medical record regarding his claim") that would report on the current state of the appellant's varicose veins "during their active phase, where they are, and how they limit activity in the context of the applicable DC" constituted an implicit finding by the Court that the Board had failed to meet its by then clearly established section 5107(a) duty to assist the appellant in regard to that claim. *Jackson, supra.* For example, the Court's use of the words "active phase" coupled with its citation to *Ardison, supra,* in response to the appellant's specific contention (Brief at 15 n. 8), appears to have "expressly required significantly greater relief than was contemplated by the Secretary's proposed remand". *Perry, supra.* Moreover, a medical examination of just the legs below the knee would have been insufficient to rate the appellant's claim under the applicable DC.

Because the only way to adjudicate a well-grounded claim fairly is to gather all of the evidence that is essential to the proper evaluation of that claim, *see* 38 C.F.R. § 3.159, 4.2, 19.9 (1995), the Court holds that the Secretary's position at the administrative stage of this case was unreasonable and thus not substantially justified. *See Moore (Craig), supra* (granting EAJA application where Board breached duty to assist by failing to obtain pertinent records). This conclusion is buttressed by the Court's having directed that the Board "discuss the applicability of the 'benefit of the doubt' doctrine in 38 U.S.C. § 5107(b)" and its citation to *Williams (Willie),* where the Court held that "the Board must provide a satisfactory explanation as to why the evidence is not in equipoise" in any case where there is "significant evidence in support of an appellant's claim". *Williams (Willie),* 4 Vet.App. at 273–74.

*3. Litigation Stage.* Having concluded that the Secretary was not substantially justified in his position at the administrative stage, the Court need not address whether the government's litigation position before this Court was substantially justified. *See Locher* and *ZP,* both *supra.*

### III. Conclusion

Accordingly, having concluded that the Court's remand to the Board was based in part on a determination that the Board had committed an error of adjudication that was not substantially justified and that would itself constitute sufficient grounds for a remand, the Court grants the October 8, 1998, EAJA application and the December 7, 1998, supplemental EAJA application subject to a recalculation pursuant to *Mannino,* 12 Vet. App. at 244 (holding, inter alia, that appellant must use local CPI–U where available). The appellant may file and serve on the Secretary, not later than 20 days after the date of this opinion, a revised accounting. Thereafter, the Secretary may file, not later than 20 days after service on him of the appellant's revised accounting, any objections to that accounting. If, within that 20–day period, the Secretary files no objections or indicates that he will not do so, the Clerk of the Court is directed to enter an order awarding the amount requested in the appellant's revised accounting. If the Secretary files objections, a conference pursuant to Rule 33 of the Court's Rules of Practice and Procedure would be available to assist in resolving any differences. *See Mannino, supra; Shaw v. Gober,* 10 Vet.App. 498, 506 (1997); *Uttieri v. Brown,* 7 Vet.App. 415, 420 (1995).

APPLICATION GRANTED SUBJECT TO RECALCULATION.