**Billy B. WEST, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

**No. 98–446.**

United States Court of Appeals for Veterans Claims.

Sept. 20, 1999.

---

Mark R. Lippman, was on brief for appellant.

Leigh A. Bradley, General Counsel; Ron Garvin, Assistant General Counsel; Mary Ann Flynn, Acting Deputy Assistant General Counsel; and Ralph G. Davis, were on brief for the appellee.

Before NEBEKER, Chief Judge, and FARLEY and IVERS, Judges.

NEBEKER, Chief Judge:

Before the Court is the appellant's application for attorney fees and expenses in the amount of $3,765.80, pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The Court will grant the appellant's application for the following reasons.

## I. FACTS

On January 29, 1998, the Board of Veterans' Appeals (BVA or Board) found that new and material evidence had not been submitted to reopen the appellant's claim for entitlement to service connection for congenital heart disease. Record (R.) at 1–19. In making its determination, the Board relied upon this Court's interpretation of 38 C.F.R. § 3.156(a) (1998), concerning the criteria for determining whether a person has submitted new and material evidence to reopen a claim. *See Colvin v. Derwinski,* 1 Vet.App. 171 (1991). The Board concluded that "new" evidence had been submitted by the appellant, but following an impermissible assessment of the credibility and weight of the newly submitted medical evidence, determined that it was not "material." R. at 16–18; *see Justus v. Principi,* 3 Vet.App. 510 (1992). While this appeal was pending, the United States Court of Appeals for the Federal Circuit decided *Hodge v. West,* which in relevant part, overruled this Court's interpretation of section 3.156(a), holding that it may be too restrictive. 155 F.3d 1356, 1363–64 (Fed.Cir. 1998).

The Secretary filed a motion to remand, directing the Court's attention to *Hodge,* on October 5, 1998. The appellant opposed this motion, arguing that the Secretary was requesting only a limited remand,

and that the appellant should be permitted to formally brief the case and bring other "remandable issues" to the Court's attention. The Court denied the Secretary's motion for remand "without prejudice to raise the same argument at the appropriate time in the briefing schedule." On December 28, 1998, the appellant filed a motion for summary remand in lieu of an opening brief, articulating two reasons why the Court should remand the matter: (1) the BVA's credibility assessment of newly submitted medical evidence while making its materiality determination, which was contrary to law; and (2) the change in law precipitated by *Hodge.* There was no timely response from the Secretary; however, on January 25, 1999, the Secretary filed (1) a motion for leave to file a response out of time to the appellant's motion for remand and (2) a second motion for remand. The following day, the Court granted the appellant's remand motion as unopposed. On February 11, 1999, the Court addressed the Secretary's motion for leave and denied it as moot.

The appellant's subsequent application under the EAJA is the matter here under consideration. He maintains that he is entitled to reasonable fees and expenses because (1) he is a prevailing party, (2) the Secretary's position was not substantially justified, (3) there are no circumstances here which would make an award against the government unjust, and (4) his net worth did not exceed two million dollars at the time the case was filed. Application at 2–4; *see also* 28 U.S.C. § 2412 (requirements for recovery under EAJA). The appellant seeks reimbursement for fees and expenses at an hourly rate of $131.00, in the amount of $3,765.80. Application at 8.

The Secretary opposes the application, conceding points (1) and (3) above, and not contesting point (4), but contending that the government's position was substantially justified because "the Board decision remanded by the Court relied upon a binding precedent then standing." Secretary's Response at 3–4. (The Secretary further states that because it his contention that the government's position was reasonable, he "will not now address the question of whether the fees and expenses submitted are unreasonable." *Id.*) The Secretary argues that this Court's holding in *Clemmons v. West,* 12 Vet.App. 245 (1999), is controlling here.

In his reply to the Secretary's opposition, the appellant argues that because the Secretary responded only to the issue of EAJA fees based on the *Hodge* remand, and did not address the appellant's other basis for remand (the BVA's erroneous credibility assessment during the "new and material evidence" determination), this "constitutes an abandonment of any opposition to an EAJA award on that basis." Reply at 1 (citing *Grivois v. Brown,* 6 Vet.App. 136 (1994)). The appellant concedes that *Clemmons* is dispositive of his second basis for EAJA fees. *Id.* at 2.

## II. ANALYSIS

 "Under the EAJA, this Court will award attorney's fees to a prevailing party unless it finds that the 'position of the United States was substantially justified.'" *Rhodan v. West,* 12 Vet.App. 55, 56–57 (1998) (citing 28 U.S.C. § 2412(d)(1)(A)). Once an appellant alleges that the position of the Secretary was not substantially justified, it becomes the burden of the government, in order to avoid paying EAJA fees, to show that its position was substantially justified. *Stephens v. West,* 12 Vet.App. 115, 118 (1999). The government's position is substantially justified if VA can demonstrate the reasonableness of its position, both at the litigation stage as well as the administrative stage of the proceedings, based on the totality of the circumstances. *Jacobsen v. West,* 12 Vet.App. 546, 547 (1999) (*citing Stillwell v. Brown,* 6 Vet.App. 291, 302 (1994)).

 The appellant makes a valid argument for an award of fees based on the Secretary's failure to address or contest

the "non-*Hodge*" basis for remand in his opposition to the appellant's EAJA application. The Secretary's opposition states:

Appellant sought to remand the case and argued the merits of the case to support his motion. The Secretary in his motion for remand to the Court [sic] argued that remand of the case was necessitated solely due to changes in case law made subsequent to the issuance of the BVA decision at issue in Appellant's underlying case by the Federal Circuit in *Hodge.* The Court granted the Secretary's motion. Accordingly, the Court's decision to deny the EAJA application in *Clemmons* controls as to whether the government was substantially justified because the sole catalyst for the remand in the instant case, as in *Clemmons,* was the change in the case law pertaining to the definition of new and material evidence.

Opposition at 5. The Secretary failed to address the "non-*Hodge*" remand basis, which was argued in the appellant's motion, subsequently granted, for remand. Additionally, he misstates the procedural history of this case. As noted above, the Secretary's original motion for remand was denied by the Court, and the Secretary's motion for leave to file a response to the appellant's motion for remand was denied as moot. No motion for remand filed by the Secretary was granted and to state otherwise is at best, careless. By responding only to the *Hodge* component of the Court's remand and not to the BVA's legal error, the Secretary has failed to fully address, let alone meet, his burden of showing substantial justification at the administrative stage of the proceedings adequate to avoid paying EAJA fees. *See Locher v. Brown,* 9 Vet.App. 535, 537 (1996) (once appellant alleges position of Secretary was not substantially justified, burden shifts to Secretary to show position was substantially justified in order to avoid paying EAJA fees); *MacWhorter v. Derwinski,* 2 Vet.App. 655, 656 (1992) ("Court has the authority to deem the Secretary's failure to file an appropriate response a concession of error."), *appeal dismissed,* 3 Vet.App. 223 (1992)(per curiam order); U.S. Vet.App. R. 39(c) (In response to application for EAJA fees, Secretary shall state "which elements of the application are not contested and explain[ ] the Secretary's position on those elements which are contested."); *see also Phillips v. Brown,* 10 Vet.App. 25, 27 (1997) (claims not briefed are abandoned).

Alternatively, with respect to the reasonableness of the Board during the administrative stage of the proceedings, the Court looks to the "relevant, determinative circumstances" to ascertain whether the Secretary has carried his burden of proof. *Dillon v. Brown,* 8 Vet.App. 165, 167–68 (1995); *Carpenito v. Brown,* 7 Vet.App. 534, 536 (1995). In this case, in determining that new and material evidence had not been submitted to reopen the appellant's claim, the BVA stated:

The Board has a duty to assess the credibility and weight to be given to medical evidence before it. *Wilson v. Derwinski,* 2 Vet.App. 614, 618 (1992) (citations omitted). When the Board doubts the weight or credibility of the medical evidence offered by the appellant, the Board should cite contrary evidence that supports its position, or seek an advisory medical opinion[,] or cite recognized medical treatises in its decision that clearly support the ultimate conclusions. *Guerrieri v. Brown,* 4 Vet. App. 467, 471 (1993) (citing *Colvin* [, 1 Vet.App. at 175]; *Hatlestad v. Derwinski,* 3 Vet.App. 213, 217 (1992)).

R. at 16. It then embarked on a lengthy analysis of the newly submitted medical evidence and opinions and found them "unpersuasive." R. at 16–18. This analysis, at this point in the adjudication, was clearly contrary to the requirement that the credibility of the evidence be presumed for the purpose of determining whether the case should be reopened. *See Justus,* 3 Vet.App. at 512–13 (remanding after holding, "The error that the BVA committed

was in assessing the credibility of the evidence *prior* to reopening the claim."). As this error was one of two specific bases for remand articulated by the appellant in his motion for remand, the Court holds that the position of the government at the administrative stage of the proceedings was not substantially justified. *See Jackson v. West,* 12 Vet.App. 422, 426–29 (1999) (administrative stage position of Secretary not substantially justified when remand was based on both an intervening change in law and determination that Board committed error during adjudication); *Stephens,* 12 Vet.App. at 118–19 (evaluation of basis for remand must focus on Court's remand order, and consequently language of remand motion); *Olney v. Brown,* 7 Vet.App. 160, 162–63 (1994). Accordingly, an award of EAJA fees for this matter is appropriate. "Having concluded that the Secretary was not substantially justified in his position at the administrative stage, the Court need not address whether the government's litigation position before this Court was substantially justified." *Jackson,* 12 Vet.App. at 429.

The Secretary has not challenged the reasonableness of the claimed fees and expenses. Upon review of the application, the Court holds that $131.00 per hour is a reasonable rate, and that the claimed expenses and hours worked are reasonable.

## III. CONCLUSION

Based on the totality of the circumstances before the Court at this time, we hold that the Secretary's administrative position was not substantially justified, and that the appellant's application for $3,765.80 in expenses and fees is GRANTED.